**COMMONWEALTH of Pennsylvania,
Appellee,**

v.

**Mark LITTLE, Appellant.**

Superior Court of Pennsylvania.

Argued March 15, 2006.
Filed July 20, 2006.

Jennifer L. LaBelle, York, for appellant.

Joshua E. Neiderhiser, Asst. Dist. Atty., York, for Com., appellee.

BEFORE: STEVENS, McCAFFERY, and PANELLA, JJ.

OPINION BY McCAFFERY, J.:

¶ 1 Appellant, Mark Little, challenges the judgment of sentence imposed following his convictions for Driving Under the Influence ("DUI") and Driving Under Suspension, DUI-related.[1] Specifically, Appellant asks us to determine whether the trial court, in denying Appellant's motion to suppress, erred when it refused to apply the standard for traffic stops articulated in *Commonwealth v. Whitmyer*, 542 Pa. 545, 668 A.2d 1113 (1995). Upon review of the record and relevant law, we conclude that Appellant is not entitled to appellate relief and, accordingly, we affirm the judgment of sentence.

¶ 2 The certified record reveals the following facts and procedural history in this case. Hanover Borough Police Officer Joseph Bowman was on duty and parked in a vacant lot facing Carlisle Street at 2:00 a.m. on March 13, 2004. Officer Bowman was examining paperwork when he heard a racing engine. He looked up and saw Appellant's car heading uphill on Carlisle Street in the direction of Clearview Street. According to Officer Bowman, the path to the intersection of Carlisle and Clearview is an "uphill" climb that is "kind of blind." (Notes of Testimony ("N.T."), 12/13/04, at 4). Based on the sounds of the engine, Officer Bowman believed that Appellant had "the accelerator ... pressed all the way down accelerating to the fullest capa-

bility of the car." (*Id.*) Appellant passed the officer's parked car, and Officer Bowman estimated that Appellant's speed was approximately 40 to 45 miles per hour, and continuing to accelerate. The posted speed limit was 35 miles per hour.

¶ 3 Officer Bowman promptly left his location and followed Appellant, with the intention of giving him a citation, or a warning, for driving at an unsafe speed. *See* 75 Pa.C.S.A. § 3361, Driving Vehicle at Safe Speed.[2] The officer explained that he believed Appellant's speed was unsafe because he was cresting a hill and approaching an intersection. In addition, the officer stated that a factory that employed night-shift workers, as well as a 24 hour diner, were located just beyond the intersection. (N.T. at 7). Upon stopping Appellant, Officer Bowman observed he had slurred speech, uncoordinated movements, and would not speak directly to the officer. An open case of beer was visible in the back seat of the car. After Appellant failed a field sobriety test, he was taken to Hanover General Hospital where it was determined that his blood alcohol content was 0.154%. In addition, police learned that Appellant's driver's license had been suspended due to a previous DUI conviction.

¶ 4 As a result of this incident, Appellant was charged with DUI and related charges. He filed a pretrial motion to suppress all evidence against him claiming that the stop of his vehicle was unlawful. At a hearing on the motion, the Commonwealth presented only Officer Bowman's testimony, as summarized above. Appellant did not offer any witnesses, but ar-

---

1. Respectively, 75 Pa.C.S.A. § 3802(b) and 75 Pa.C.S.A. § 1543(b)(1).

2. The statute prohibits operating a vehicle "at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then exist-

ing." 75 Pa.C.S.A. § 3361. Among other things, the statute mandates that "every person shall drive at a safe and appropriate speed when approaching and crossing an intersection ... when approaching a hill crest ... and when special hazards exist with respect to pedestrian or other traffic ...." *Id.*

gued that our Supreme Court's decision in *Commonwealth v. Whitmyer*, 542 Pa. 545, 668 A.2d 1113 (1995), should apply to his traffic stop. *Whitmyer* interpreted the statutory language governing traffic stops as requiring police to possess "probable cause" that a driver was in violation of the Motor Vehicle Code for the stop to be lawful. *Id.* at 551, 668 A.2d at 1116.

¶ 5 The court engaged the parties in a discussion of whether and to what extent *Whitmyer* might apply to the instant facts. The Commonwealth informed the court that the legislature had changed the law after *Whitmyer*, specifically replacing the language of the relevant statute so that it now requires only that an officer have "reasonable suspicion" to believe a driver has violated the Motor Vehicle Code for the stop to be lawful. *See* 75 Pa.C.S.A. § 6308(b).[3] Noting that the amendment had become effective on February 1, 2004, the Commonwealth asserted that Appellant's March 13, 2004 conduct fell within the ambit of the newly-amended statute. Appellant's counsel, evidently unaware of the change in the law, offered no argument as to why its plain language should not be controlling. Instead, counsel agreed that the offense had occurred in March, confirming that "it would have been after anything effective [in] February." (N.T. at 21). The trial court clarified on the record the fact that the statute had been amended and that the amendment directly affected this case. Appellant's counsel explicitly conceded these facts:

Q [the Court]: Does [the amendment to the statutory language] change it or not? That clearly affects your position.

A [Appellant's counsel]: Yes. (*Id.*).

¶ 6 The court then promptly denied the motion to suppress, concluding that the amendment to the statute rendered the *Whitmyer* standard inapplicable. Appellant made no further arguments in support of suppression.

¶ 7 Ultimately, Appellant agreed to a stipulated bench trial in order to preserve his appellate rights with respect to the suppression ruling. The trial court thereafter found him guilty of DUI and Driving Under Suspension, DUI-related. This timely appeal followed wherein Appellant raises a single issue for our review:

Did law enforcement violate [Appellant's] state and federal constitutional rights when they stopped his car?

(Appellant's Brief at 1).

¶ 8 In reviewing an appeal of a trial court's denial of suppression, we consider "only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted ... when read in the context of the record as a whole." *Commonwealth v. Stevenson*, 894 A.2d 759, 769 (Pa.Super.2006) (citation omitted). If we determine that the record supports the factual findings of the suppression court, we are bound thereby and must proceed to determine the reasonableness of the court's inferences and legal conclusions; we may reverse only if the legal conclusions are erroneous. *Id.*

¶ 9 In his brief to this Court, Appellant simply continues the argument he initially made below, to wit, that the *Whitmyer* probable cause standard applies in this case. However, Appellant conceded in the trial court, and continues to concede on

---

**3.** Prior to the amendment, the statute authorized a traffic stop only in the event the officer had "articulable and reasonable grounds to suspect a violation" of the Motor Vehicle Code; the *Whitmyer* Court held this language was the equivalent of probable cause. *Whitmyer, supra* at 550, 552–53, 668 A.2d at 1116–18.

appeal, that the *Whitmyer* case interpreted statutory language that is *no longer in force* and was not in force at the time Appellant committed the instant offenses. *See* 75 Pa.C.S.A. § 6308(b); *see also Commonwealth v. Ulman,* 2006 PA Super 142, ¶¶ 12–14, 902 A.2d 514 (noting that the *Whitmyer* standard is inapplicable in light of the change in the plain language of § 6308(b)); *Commonwealth v. Sands,* 887 A.2d 261, 271–72 (Pa.Super.2005) (recognizing the legislature's recent change to § 6308 and concluding that it passes constitutional muster when considered in the context of traffic stops based on suspicion of drunk driving). Essentially, Appellant's claim is that the trial court erred by applying the statute as written, instead of applying a previous version of the statute. Of course, such a claim must fail as courts are duty bound to apply all laws passed by the legislature pursuant to their plain language. *Commonwealth v. LeBar,* 860 A.2d 1105, 1111 (Pa.Super.2004); 1 Pa.C.S. § 1903(a).

 ¶ 10 We note that nowhere in his brief does Appellant assert that the Commonwealth failed to satisfy the reasonable suspicion standard that § 6308(b), on its face, requires. "To establish grounds for 'reasonable suspicion' ... the officer must articulate specific observations which, in conjunction with reasonable inferences derived from these observations, led him reasonably to conclude, in light of his experience, that criminal activity was afoot and the person he stopped was involved in that activity." *Commonwealth v. Bennett,* 827 A.2d 469, 477 (Pa.Super.2003) (citing *Commonwealth v. Cook,* 558 Pa. 50, 735 A.2d 673, 676 (1999)). Our review of the record leads us to conclude that reasonable suspicion was established here. Officer Bowman described the conditions of the road, including the crest of the hill from which the view was "blind" and the intersection just ahead. He described Appellant's car as accelerating at a high rate of speed, *i.e.,* to its "fullest capability." (N.T. at 4). In view of the requirements set out in § 3361, Driving Vehicle at Safe Speed, *supra,* it was eminently logical that counsel declined to argue that Officer Bowman's testimony was insufficient to establish reasonable suspicion.[4]

 ¶ 11 We also note that in his Reply Brief, Appellant for the first time asserts that the newly-amended § 6308(b), with its revised standard, is unconstitutional when applied to traffic stops based on motor vehicle code violations other that DUI.[5] (Appellant's Reply Brief at 3). While a claim that a statute is unconstitutional certainly may result in a court's refusal to apply the statute as written, such a claim must be raised and preserved at trial; it cannot be raised for the first time on appeal. Pa.R.A.P. 302(a). Moreover, appellate review of an order denying suppression is limited to examination of the precise basis under which suppression

---

4. We note that Appellant relies, in part, on *Commonwealth v. Rutch,* 873 A.2d 772 (Pa.Super.) (unpublished memorandum), *appeal denied,* 584 Pa. 686, 881 A.2d 819 (2005). (Appellant's Brief at 10–11). However, "[citation to] our memorandum decisions is prohibited by Superior Court Internal Operating Procedure (IOP) § 65.37(A): 'An unpublished memorandum decision shall not be relied upon or cited by a Court or a party in any other action or proceeding ....' 210 Pa.Code § 65.37." *Schaaf v. Kaufman,* 850 A.2d 655, 658 (Pa.Super.2004).

5. This Court, in its relatively recent decision in *Sands, supra,* explicitly noted that its holding was "limited to the constitutionality of Section 6308(b) in so far as it permits an officer to stop a vehicle based upon a reasonable suspicion that the driver is operating the vehicle under the influence of alcohol." *Sands,* 887 A.2d at 270. The *Sands* Court specifically declined to address "whether the statute comports with federal and state constitutional protections ... where the suspected violation was not DUI." *Id.*

initially was sought; no new theories of relief may be considered on appeal. *See Commonwealth v. Malloy,* 579 Pa. 425, 444, 856 A.2d 767, 778 (2004) (concluding appellant's claim of a Fifth Amendment violation was waived because such claim was not the "particular" theory advanced at the suppression hearing); *see also Commonwealth v. Doyen,* 848 A.2d 1007, 1011 (Pa.Super.2004) (stating that although the appellant challenged the admission of wiretap evidence by way of a pre-trial suppression motion, his failure to raise a specific challenge to the authenticity of a particular judge's signature precluded him from raising such a challenge for the first time on appeal), *appeal denied,* 579 Pa. 700, 857 A.2d 677 (2004).

¶ 12 In the case *sub judice,* prior to doing so in his Reply Brief, Appellant never asserted that the amended statute was unconstitutional and he may not do so now. Pa.R.A.P. 302(a); *Malloy, supra; Doyen, supra.*[6]

¶ 13 Appellant has not presented a valid legal argument for reversing the trial court's suppression order. The court's application of the relevant statute was proper in light of the facts of record. Appellant's claim on appeal has no merit and, further, Appellant did not preserve a challenge to the constitutionality of the statute at issue. For all of these reasons, we are compelled to affirm the judgment of sentence.

¶ 14 Judgment of sentence affirmed.

---

6. Not only did Appellant fail to raise a specific challenge to § 6308 at the trial court level, but his Statement of Matters Complained of on Appeal likewise did not assert a challenge to the amended statute. *Commonwealth v. Duffy,* 832 A.2d 1132, 1135–36 (Pa.Super.2003) (relying on *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306, 309 (1998), to hold that issues not raised in the Statement of Matters Complained of on Appeal are waived).