## Commonwealth v. Dickey

C.P. of Berks County, no. 06-CR-0004145-2008.

*Russell E. Farbiarz, assistant district attorney,* for Commonwealth at trial.
*Alisa R. Hobart, assistant district attorney,* for Commonwealth on appeal.

*Michael D. Dautrich,* for defendant.

BOCCABELLA, *J.,* January 20, 2009—On October 27, 2008, this court presided over an omnibus pretrial hearing concerning the defendant, Natasha L. Dickey, at the case captioned above. On November 17, 2008, this court suppressed all evidence flowing from the motor vehicle stop of the defendant, because that stop was conducted without the requisite "reasonable suspicion."

On December 17, 2008, the Commonwealth, by and through counsel Alisa R. Hobart, Esquire, filed a notice of appeal to the Superior Court of Pennsylvania. On December 22, 2008, this court ordered the Commonwealth to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925. On December 31, 2008, the Commonwealth filed its concise statement. The following issue has been set forth for appellate review:

(1) The trial court erred in suppressing evidence obtained as a result of a lawful traffic stop conducted based upon reasonable suspicion of a Motor Vehicle Code violation, which was observed by the police officer.

## FACTUAL SUMMARY

On July 20, 2008, at approximately 2:45 a.m. Officer Matthew F. Harley Sr. of the Exeter Township Police Department was on patrol traveling eastbound on Perkiomen Avenue near the intersection with Shelbourne Road in Exeter Township, Berks County, Pennsylvania. While approaching the intersection, Officer Harley observed a

white Ford Escort make a right turn onto Shelbourne Road from a lane marked for eastbound straight travel.

Perkiomen Avenue at the intersection with Shelbourne Road is a four-lane roadway in the easterly direction. The far right lane is marked for right-hand turns only and separated by a triangular cement divider. The two middle lanes are marked for straight travel only and the far left lane is a "left-turn only" lane. In addition, the road itself is painted, designating each lane for a certain direction of travel and there is a light standard above the roadway with signs also marking the direction of travel for each lane.

As soon as he observed the vehicle turn right onto Shelbourne Road (the entrance to a shopping center) from the lane marked for straight travel only, Officer Harley activated his lights and siren and began pursuing the vehicle. The vehicle stopped shortly thereafter in the parking lot of the Home Depot store in the shopping center and the driver was subsequently identified as Natasha L. Dickey, the defendant.

Defendant's vehicle did nothing to endanger or impede any other traffic and moved (turned) in an otherwise proper manner.

## DISCUSSION

" 'The appellate standard of review of suppression rulings is well-settled. This court is bound by those of the suppression court's factual findings which find support in the record, but we are not bound by the court's conclusions of law.' *Commonwealth v. Millner,* 585 Pa. 237, 888 A.2d 680, 685 (2005). See also, *Commonwealth*

*v. Booze,* 953 A.2d 1263, 1268-69 (Pa. Super. 2008) ('Where the record supports findings of the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.')." *Commonwealth v. Bostick,* 958 A.2d 543, 550 (Pa. Super. 2008).

Section 6308(b) of the Motor Vehicle Code provides:

"Whenever a police officer is engaged in a systematic program of checking vehicles or drivers or has *reasonable suspicion* that a violation of this title is occurring or has occurred, he may stop a vehicle upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title." 75 Pa.C.S. §6308(b). (emphasis added)

"To establish grounds for 'reasonable suspicion' . . . the officer must articulate specific observations which, in conjunction with reasonable inferences derived from these observations, led him reasonably to conclude, in light of his experience, that criminal activity was afoot and the person he stopped was involved in that activity." *Commonwealth v. Little,* 903 A.2d 1269, 1272 (Pa. Super. 2006) (citing *Commonwealth v. Bennet,* 827 A.2d 469, 477 (Pa. Super. 2003) (citing *Commonwealth v. Cook,* 558 Pa. 50, 56, 735 A.2d 673, 676 (1999)).

The Motor Vehicle Code provides in pertinent part:

"Unless otherwise directed by a uniformed police officer or any appropriately attired person authorized to

direct, control or regulate traffic, the driver of any vehicle shall obey the instructions of any applicable official traffic-control device placed or held in accordance with the provisions of this title, subject to the privileges granted the driver of an emergency vehicle in this title." 75 Pa.C.S. §3111(a).

The Fourth Amendment to the United States Constitution protects the people "from unreasonable searches and seizures." *In the Interest of D.M.,* 566 Pa. 445, 449, 781 A.2d 1161, 1163 (2001). "A vehicle stop constitutes a seizure under the Fourth Amendment." *Whren v. United States,* 517 U.S. 806, 809-10 (1996). "The key question in determining if a seizure is constitutional under the Fourth Amendment is if it is reasonable." *Michigan Department of State Police v. Sitz,* 496 U.S. 444, 450 (1990).

Here, Officer Harley clearly observed the defendant make an improper turn, done with proper signals and without causing any traffic hazard. The roadway was marked with painted lines and arrows indicating the appropriate direction of travel for each lane and a light standard above the road also designated the same. There was no police officer or other authorized person directing traffic at the intersection. As such, Officer Harley's observations with respect to the defendant's improper turn amounted to his witnessing a driver turn right with a green light after failing to utilize the proper lane from which to do so.

The turn executed by the defendant was done using the proper turn signal and created no safety hazard whatsoever given the traffic conditions at the time. As such,

the turn witnessed by Officer Harley did not create a sufficient "reasonable suspicion" to initiate a traffic stop of the defendant's vehicle and any and all evidence flowing from that stop must be suppressed.

"Given the early morning hour, the fact that there was no other traffic on the roadway and the rather momentary nature of defendant's vehicle crossing the fog line on two perhaps three occasions, the officer erred in believing he had justification to stop defendant's vehicle. The observations of Office (sic) Rosato do not warrant a stop on any cognizable legal theory." *Commonwealth v. Gleason,* 567 Pa. 111, 116, 785 A.2d 983, 985-86 (2001). Obviously the courts of this Commonwealth have determined that minor traffic violations (especially single instances) do not amount to reasonable suspicion that criminal activity are afoot.

For the foregoing reasons this court respectfully requests the Commonwealth's appeal be denied.