J-A17030-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SEARVILLE MILBOURNE-WINTERS | |
| Appellant | No. 897 EDA 2013 |

Appeal from the Judgment of Sentence January 24, 2013
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0004713-2011

BEFORE:  GANTMAN, P.J., PANELLA, J., and STABILE, J.

MEMORANDUM BY PANELLA, J.                    **FILED DECEMBER 15, 2014**

Appellant, Searville Milbourne-Winters, appeals from the judgment of sentence entered on January 24, 2013, in the Court of Common Pleas of Chester County.  We vacate the judgment of sentence and remand for resentencing.

Late one night, a man, later identified as Milbourne-Winters, parked his vehicle along a no-parking section of a street outside of a bar, alighted from his vehicle, and entered the bar.  An officer observed this and walked up to the vehicle to ticket it for the parking violation.  The officer looked into the car and observed on the middle of the passenger seat a "tied sandwich baggie of a green leaf-like substance."  N.T., Suppression Hearing, 10/1/12, at 11.  Based on his "training and experience," the officer believed that the substance in the sandwich bag was marijuana.  *Id.*, at 16.  Eventually,

Milbourne-Winters left the bar and the officer approached him and asked if the vehicle was his and Milbourne-Winters responded that it was. The officer immediately arrested Milbourne-Winters.

The police officer had the vehicle towed and during an inventory search, an officer opened the trunk and smelled a strong odor of marijuana. The officer obtained a search warrant and a search of the trunk revealed marijuana and cocaine.

Prior to trial, Milbourne-Winters moved to suppress the evidence of the contraband, which, after a hearing, the suppression court denied. The matter proceeded to trial and the jury convicted Milbourne-Winters of, among other things, possession with intent to deliver cocaine. The verdict slip did not ask the jury to make a factual finding as to the weight of the cocaine. At sentencing, the trial court imposed the mandatory minimum sentence pursuant to 18 Pa.C.S.A. § 7508(a)(3)(ii).[1] After the denial of post-sentence motions, this timely appeal followed.

Milbourne-Winters first argues that the police officer did not have probable cause to arrest him and that the illegal arrest renders the subsequently found contraband inadmissible. At the suppression hearing,

---

[1] The Commonwealth incorrectly cites 18 Pa.C.S.A. § 7508(a)(2)(ii) in its brief. *See* Commonwealth's Brief, at 18-19. Subsection 3, not 2 applies in this case. *See*, *e.g.*, Order, filed 2/26/13 ("18 Pa.C.S.A. § 7508(a)(3)(ii) applies to the charge of PWID [cocaine] of which the Defendant was convicted.").

however, Milbourne-Winters's counsel argued that the officer "did not have *reasonable suspicion* to arrest my client…." N.T., Suppression Hearing, 10/1/12, at 6 (emphasis added). The particular claim Melbourne-Winters seeks to present on appeal was not raised at the suppression hearing. ***See id***., at 3-4 (counsel for Melbourne-Winters setting forth specific suppression claims). Indeed, the suppression court construes the claims advanced at the suppression hearing as "Defendant asserts that the Commonwealth did not have the reasonable suspicion to detain Defendant or the probable cause necessary for the search warrant." Order, filed 10/11/12, at 2 n.1. Melbourne-Winters's Rule 1925(b) statement simply asserts, "the [c]ourt committed an error of law in denying the Appellant's pre-trial motion to suppress evidence collected from the automobile." Rule 1925(b) Statement, 9/13/13, at ¶ 2. a.

As he did not present this issue in the lower court we must find it waived. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); ***Commonwealth v. Little***, 903 A.2d 1269, 1272-1273 (Pa. Super. 2006) ("[A]ppellate review of an order denying suppression is limited to examination of the precise basis under which suppression initially was sought; no new theories of relief may be considered on appeal."). Even if we had addressed this claim on the merits, it would not entitle Melbourne-Winters to relief.

Generally, a police officer must have a warrant to make an arrest. If an officer has probable cause, however, he can make a warrantless arrest. Probable cause is determined by the totality of the circumstances. **See Commonwealth v. Martin**, ___ A.3d ___, ___, 2014 WL 4745782, *10 (Pa., filed September 24, 2014).

> Probable cause exists where the facts and circumstances within the officer's knowledge are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed, and must be viewed from the vantage point of a prudent, reasonable, cautious police officer on the scene at the time of the arrest guided by his experience and training. As we have stated:
>
> Probable cause is made out when the facts and circumstances which are within the knowledge of the officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime. The question we ask is not whether the officer's belief was correct or more likely true than false. Rather, we require only a *probability,* and not a *prima facie* showing, of criminal activity. In determining whether probable cause exists, we apply a totality of the circumstances test.

**Id**. (citations and quotation marks omitted; emphasis in original).

Here, the police officer observed on the middle of the passenger seat a "tied sandwich baggie of a green leaf-like substance." N.T., Suppression Hearing, 10/1/12, at 11. Based on his "training and experience," the officer believed that the substance in the sandwich bag was marijuana. **Id**., at 16. When asked, Milbourne-Winters admitted the vehicle was his. **See id**., at 17.

- 4 -

Had we addressed this claim on the merits, we would have found that the police officer had probable cause to arrest Milbourne-Winters. There was certainly a probability that the "green leaf like substance" was marijuana. Milbourne-Winter's tries to challenge the credibility of the police officer by inferring that there was no way for him to know it was marijuana—it was dark, the officer did not utilize a flashlight, and he did not smell marijuana. The officer, however, testified that he observed a "green leaf-like substance" that he believed to be marijuana based upon his training and experience. The suppression court credited this testimony. We cannot reject this credibility determination. We also stress that the officer did not have to know, categorically, that the substance was marijuana. All that was required was a *probability* that it was contraband.

Lastly, Milbourne-Winters argues that the trial court erred when it imposed the mandatory minimum sentence pursuant to 18 Pa.C.S.A. § 7508(a)(2)(ii). Specifically, he argues that § 7508 is unconstitutional in light of **Alleyne v. United States**, 133 S.Ct. 2151 (2013).[2]

---

[2] The Commonwealth maintains that Milbourne-Winters waived this issue, as he failed to present it in his Rule 1925(b) statement. This Court has previously stated in addressing the **Alleyne** decision that where "[a]pplication of a mandatory minimum sentence gives rise to illegal sentence concerns, even where the sentence is within the statutory limits[,] [such] [l]egality of sentence questions are not waivable." **Commonwealth v. Watley**, 81 A.3d 108, 118 (Pa. Super. 2013). **See also Commonwealth v. Newman**, 99 A.3d 86, 90 (Pa. Super. 2014) (en banc) ("We find that a challenge to a sentence premised upon **Alleyne** likewise
*(Footnote Continued Next Page)*

A panel of this Court recently held that § 7508 is unconstitutional on its face. ***See Commonwealth v. Fennell***, ___ A.3d ___, 2014 WL 6505791 (Pa. Super., filed November 21, 2014). Therefore, we are constrained to vacate Milbourne-Winters's judgment of sentence[3] and remand for resentencing without consideration of the mandatory minimum sentence under § 7508.

Judgment of sentence vacated. Case remanded for resentencing consistent with this memorandum. Jurisdiction relinquished.

Judge Stabile joins in the memorandum.

President Judge Gantman concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/15/2014


_____
*(Footnote Continued)*

implicates the legality of the sentence and cannot be waived on appeal."). Despite stating that the issue is waived, the Commonwealth then asks this Court to "remand this case for resentencing" due to the ***Alleyne*** violation. The Commonwealth does argue that § 7508 is not constitutionally infirm. We will address the merits of this issue.

[3] The vacating of the judgment of sentence does not affect Milbourne-Winters's convictions, which remain intact.