J-A23034-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SEAN DONTAE MCKINLEY | |
| Appellant | No. 1451 WDA 2014 |

Appeal from the Judgment of Sentence August 4, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0008514-2013

BEFORE:  GANTMAN, P.J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:                   **FILED AUGUST 24, 2015**

Appellant, Sean Dontae McKinley, appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following his jury trial convictions of persons not to possess a firearm, escape, carrying a loaded weapon, possession of a controlled substance, possession or distribution of marijuana, possession of drug paraphernalia, and a summary traffic (faulty rear lighting) violation.[1]  We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case.  Therefore, we have no reason to

_____

[1] 18 Pa.C.S.A. §§ 6106(a)(1), 5121(a), 6106.1(a); 35 P.S. §§ 780-113(a)(16), (31), (32); 75 Pa.C.S.A. § 4303(b), respectively.

restate them.[2]

Appellant raises the following issue for our review:

> DID THE TRIAL COURT ERR WHEN IT DENIED [APPELLANT'S] MOTION TO SUPPRESS THE EVIDENCE FOUND IN HIS JEEP GRAND CHEROKEE BECAUSE THE SEARCH WAS UNREASONABLE, WENT BEYOND THE SCOPE OF AN INVENTORY SEARCH, AND WAS DONE FOR THE SOLE PURPOSE OF INVESTIGATION, IN VIOLATION OF THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 8 OF THE PENNSYLVANIA CONSTITUTION?

(Appellant's Brief at 8).

On appeal, Appellant argues the sole motive for the inventory search of his vehicle was to find incriminating evidence. Appellant claims the record is devoid of any document showing the police conducted an "inventory" of the vehicle. Appellant asserts that after the officer smelled marijuana, the officer undoubtedly suspected the vehicle contained other drug evidence and the search of the vehicle could not be classified as simply an inventory search. Appellant further avers the scope of the search was unreasonable because the officers found the shotgun under the back seat, an area where nobody would store belongings of value for purposes of an inventory. Appellant concludes the court should have suppressed the evidence obtained as a result of the vehicle search. We disagree.

_____

[2] We make one small correction to the trial court opinion at page 1. The court held the suppression hearing on December 18, 2013, and denied relief on the same date.

We review the denial of a suppression motion as follows:

> Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct.
>
>> [W]e may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the court erred in reaching its legal conclusions based upon the facts.

**Commonwealth v. Williams**, 941 A.2d 14, 26-27 (Pa.Super. 2008) (*en banc*) (internal citations and quotation marks omitted). "It is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given their testimony." **Commonwealth v. Clemens**, 66 A.3d 373, 378 (Pa.Super. 2013) (quoting **Commonwealth v. Gallagher**, 896 A.2d 583, 585 (Pa.Super. 2006)).

Nevertheless, "appellate review of an order denying suppression is limited to examination of the precise basis under which suppression initially was sought; no new theories of relief may be considered on appeal." **Commonwealth v. Little**, 903 A.2d 1269, 1272-73 (Pa.Super 2006). "[T]he failure to raise a suppression issue prior to trial precludes its litigation for the first time at trial, in post-trial motions or on appeal." **Commonwealth v. Douglass**, 701 A.2d 1376, 1378 (Pa.Super. 1997).

Instantly, in Appellant's motion to suppress, he argued the police

officer acted without a search warrant, Appellant was not under arrest, no exigent circumstances existed to allow the vehicle inventory search, Appellant did not consent to the search, and the items taken from the vehicle and his person were seized in violation of the United States and Pennsylvania Constitutions. At the suppression hearing, Appellant argued he should not have been asked to step out of the vehicle, because the officer had no reasonable suspicion of criminal activity, even after Appellant admitted he had drugs on his person. Appellant also argued the officer should have obtained a warrant to search the vehicle and should not have searched the vehicle at the scene without a warrant. On appeal, Appellant raises an entirely new claim that the search was unreasonable because it exceeded the scope of an inventory search and was done for the sole purpose of investigation. Appellant did not contest in his motion to suppress or at the suppression hearing the reasonableness, scope, and sole purpose of the inventory search as investigative. Therefore, his issue on appeal is waived.

Moreover, even if Appellant had properly preserved his claim, we would affirm on the basis of the trial court's opinion. (*See* Trial Court Opinion, filed March 20, 2015, at 3-5) (finding: officer testified Appellant was under arrest and car he was driving was partially on roadway and would have to be towed; officer followed municipal policy regarding inventory searches and did not exceed scope of search; in conducting inventory

search, officer observed dislodged rear seat that appeared to be blocked by something underneath; upon inspection, officer and his partner found shotgun wrapped in t-shirt blocking seat from upright position; police discovered weapon as part of police caretaking function, not investigative function; court properly denied motion to suppress). *See Commonwealth v. Chambers*, 920 A.2d 892 (Pa.Super. 2007) (reiterating general rule that inventory search of impounded vehicle is reasonable if conducted under standard police procedures, in good faith, and not for **sole** purpose of investigation). Accordingly, we affirm the judgment of sentence. *See generally In re K.L.S.*, 594 Pa. 194, 197 n.3, 934 A.2d 1244, 1246 n.3 (2007) (stating trial court order or judgment is more properly "affirmed," when appellant has failed to preserve issues for appeal).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/24/2015