J-A07026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DEVON DAUSJAY MIMS-CARTER | |
| Appellant | No. 536 WDA 2015 |

Appeal from the Judgment of Sentence February 27, 2015
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0016495-2013

BEFORE:  BOWES, J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY MUNDY, J.:                    **FILED APRIL 14, 2016**

Appellant, Devon Dausjay Mims Carter, appeals from the February 27, 2015 aggregate judgment of sentence of 11½ to 23 months' incarceration, imposed after the trial court convicted Appellant of one count each of possession with intent to deliver a controlled substance (PWID), possession of a controlled substance, and resisting arrest.[1]   After careful review, we affirm.

The trial court summarized the factual history of this case as follows.

> Officer Josh Alfer of the McKeesport Police Department, a police officer with nine years' experience, testified that he was on patrol duty on October 29, 2013.  At 2:30 a.m., he made a traffic stop on a gold Pontiac Sunfire for failing to signal

---

[1] 35 P.S. § 780-113(a)(30) and (16), and 18 Pa.C.S.A. § 5104, respectively.

prior to making a left turn. Appellant was seated in the front passenger seat of the car, and a female was the driver. Officer Alfer radioed the traffic stop into dispatch, and Officer Bryan Easter responded as back-up.

Officer Alfer observed Appellant leaning forward in his seat, reaching towards his right side pocket in between his hip and the door. Officer Alfer instructed all occupants of the car to keep their hands where he could see them. Appellant originally complied with the officer's instruction, but later reached down towards his right side, out of the view of the officer. Officer Alfer testified that the area in which the car was stopped was a high crime area with a history of violent crimes including numerous shootings. When Appellant was again asked to show his hands, Officer Alfer observed that Appellant's breathing was increased, and Appellant began to look from right to left in what the officer described as a nervous motion. Officer Alfer testified that, due to Appellant's movements within the vehicle, and the officer's concern that Appellant may have a firearm on his person, Officer Alfer instructed Appellant and the female driver to exit the vehicle.

Officer Alfer observed Appellant exit the vehicle and saw Officer Easter begin a pat-down search of Appellant. As Officer Easter approached Appellant's right front pocket, Appellant immediately began to pull away and a struggle ensued between Appellant and Officer Easter. Officer Alfer came around the car to assist. He instructed Appellant to stop moving. When Appellant failed to comply, Officer Alfer discharged his Taser and Appellant was subsequently handcuffed.

Officer Easter also testified to his encounter with Appellant. Officer Easter testified that, as he approached the vehicle, Appellant kept looking over his shoulder to see where the officer was. Officer Easter observed Appellant move his shoulder and reach towards the right side of his body near his waistband, pocket area. Appellant's hands were not in plain view at that time. After Officer Alfer asked

the driver to exit the vehicle, Officer Easter also asked Appellant to exit the car. Appellant was directed to face the vehicle and place his hands behind his head, interlocking his fingers. Appellant put his hands on his head but did not interlock his fingers.

Officer Easter began a pat down of Appellant for weapons. As the officer brought his hand down toward Appellant's right pocket area, Appellant immediately started to spin away from the officer. Officer Easter felt something in Appellant's pocket, but did not know at that time what it was. Appellant kept trying to break away from Officer Easter, who instructed him to stop or he would be tased. Appellant did not comply and Officer Alfer deployed his Taser. After Appellant had been handcuffed, Officer Easter searched Appellant incident to arrest and recovered from Appellant's right pocket a white plastic grocery bag containing numerous packets of heroin.

Trial Court Opinion, 5/29/15, at 3-4 (internal citations omitted).

Appellant was charged with the aforementioned offenses. On June 20, 2014, he filed a motion to suppress the evidence obtained from the traffic stop. The trial court convened a suppression hearing on February 19, 2015, and denied the motion after hearing testimony from the two officers, and arguments of counsel. N.T., 2/19/15, at 40. Appellant proceeded to a non-jury trial, after which the trial court rendered its guilty verdicts.[2] On

---

[2] Also that same day, Appellant pled guilty to one count of escape at docket number, CP-02-CR-7805-2014. *Id.* at 68-69. He was sentenced to three to six months' incarceration, concurrent to the sentence imposed in the instant case. N.T., 2/27/15, at 18.

February 27, 2015, the trial court sentenced Appellant to 11½ to 23 months'

incarceration, to be followed by three years' probation for PWID, and

imposed no further penalty for possession of a controlled substance and

resisting arrest. Appellant did not file a post-sentence motion. Appellant

filed a timely notice of appeal on March 27, 2015.[3]

On appeal, Appellant presents a single issue for our review.

> Did the suppression court err in failing to suppress
> the evidence obtained against Appellant, as there
> was no reasonable suspicion to conduct a **Terry** frisk
> on the passenger in a car stopped for a traffic
> violation, because the initial stop had ended and the
> officers had no particular and articulable facts to
> believe that Appellant was armed and dangerous?

Appellant's Brief at 5.

Our review of a trial court's suppression ruling is guided by the

following.

> Our standard of review in addressing a
> challenge to the denial of a suppression motion is
> limited to determining whether the suppression
> court's factual findings are supported by the record
> and whether the legal conclusions drawn from those
> facts are correct. Because the Commonwealth
> prevailed before the suppression court, we may
> consider only the evidence of the Commonwealth
> and so much of the evidence for the defense as
> remains uncontradicted when read in the context of
> the record as a whole. The suppression court's legal
> conclusions are not binding on an appellate court,

---

[3] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review. ***Commonwealth v. Jones***, 605 Pa. 188, 988 A.2d 649, 654 (2010) (citations, quotations, and ellipses omitted). Moreover, appellate courts are limited to reviewing only the evidence presented at the suppression hearing when examining a ruling on a pre-trial motion to suppress. ***See In re L.J.***, 622 Pa. 126, 79 A.3d 1073, 1083–1087 (2013).

***Commonwealth v. Mathis***, 125 A.3d 780, 783 (Pa. Super. 2015).

Instantly, Appellant does not dispute the constitutionality of the initial traffic stop. Appellant's Brief at 11, 23. However, Appellant argues that "once the traffic stop was concluded, the occupants of the car should have been free to go." ***Id.*** at 11. Appellant specifically claims that the police lacked reasonable suspicion to continue the stop and conduct a ***Terry***[4] frisk, where there was no indication that criminal activity was afoot, and "the officer noticed that [Appellant] looked nervous, but saw nothing else incriminating." ***Id.*** at 23. Appellant asserts that "leaning to the right and looking nervous are not sufficient to support a finding of reasonable suspicion." ***Id.*** at 24.

Before reaching the merits of Appellant's argument, we turn to the Commonwealth's contention that Appellant's argument is waived because Appellant's counsel, at the suppression hearing, "conceded the ***Terry*** pat-

---

[4] ***Terry v. Ohio***, 392 U.S. 1 (1968).

down was permissible and lawful." Commonwealth's Brief at 10. Our review of the suppression hearing transcript supports the Commonwealth's contention. After the two police officers testified, Appellant's counsel stated as follows.

> Defense rests. I just have argument. A few things. One, I would argue that we don't know what happened. As far as the inaccuracies, [the police officer was] basically testifying that the police report was inaccurate and also, I believe that the argument is going to be, obviously the initial argument I would have is that it was not immediately apparent by patting someone down that there's heroin for sale in their pocket. There's absolutely no way [the police] could tell that by just a pat-down and I have case law to support that argument.
>
> From the testimony you can tell that I spoke with an officer this morning that had a slightly different take on the facts of this case and it changed the argument that I'm going to make now, and I understand now that the Commonwealth may be arguing that [Appellant] was trying to get away and escape. However, under the – and that's what he was being arrested for, is the escape, and not the pat-down and officer's safety, which **I wholeheartedly believe that the police officers have the right to have my client get out [of the car and] pat him down for their officers' safety and for anyone else's safety**. However, that's a *Terry* frisk and it doesn't give them great latitude to find contraband. It's not pretextual to find anything else other than weapons or knives, guns, whatever else can be used as a weapon which they testified there was none.

N.T., 2/19/15, at 34-35 (emphasis added).

Consistent with the above, the trial court observed as follows.

> Okay, basically it does appear that there's an error in the police report. The officer who actually

did the pat didn't write it. The charge of resisting, while that may be wrong, doesn't change the fact that [Appellant] did attempt to escape a lawful detention and **an investigative pat-down which the Defense concedes was appropriate under the facts**. So once [Appellant] was then down on the ground and cuffed he was lawfully detained or attempted escape and I would have to deny the suppression.

*Id.* at 40 (emphasis added).

Similarly, in responding to Appellant's Rule 1925(b) statement, in which Appellant asserted "the officers in this case did not have reasonable suspicion to conduct a *Terry* frisk" of Appellant, the trial court commented, "Appellant's counsel conceded that the police officers had the right to have Appellant exit the vehicle and pat him down for weapons for officer safety pursuant to *Terry v. Ohio*[.]" Statement of Errors Complained of on Appeal, 4/20/15, at 3; Trial Court Opinion, 5/29/15, at 5.

The Commonwealth cites *Commonwealth v. Little*, 903 A.2d 1269, 1272-1273 (Pa. Super. 2006), for the proposition that "our appellate review of an order denying suppression is limited to examination of the precise basis under which suppression initially was sought; no new theories of relief may be considered on appeal." We quoted *Little* most recently in *Commonwealth v. Freeman*, 128 A.3d 1231, 1241 (Pa. Super. 2015), in which we also referenced *Commonwealth v. Thur,* 906 A.2d 552, 566 (Pa. Super. 2006), (holding "[w]hen a defendant raises a suppression claim to the trial court and supports that claim with a particular argument or

- 7 -

arguments, the defendant cannot then raise for the first time on appeal different arguments supporting suppression[]"). Given the foregoing authority, we agree with the Commonwealth that Appellant has waived his appellate argument regarding reasonable suspicion for a **Terry** frisk, because Appellant's counsel conceded that same argument at the suppression hearing. Therefore, we decline to review the merits of Appellant's issue on appeal.

Based on the foregoing, we conclude Appellant's sole issue on appeal is waived. Accordingly, the trial court's February 27, 2015 judgment of sentence is affirmed.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>4/14/2016</u>