J-S29007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CLIFTON BODDIE | |
| Appellant | No. 127 EDA 2016 |

Appeal from the Judgment of Sentence December 16, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013368-2014

BEFORE:  LAZARUS, J., SOLANO, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY LAZARUS, J.:                    **FILED MAY 05, 2017**

Clifton Boddie appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, after a jury found him guilty of driving under the influence ("DUI") and numerous other offenses related to a hit-and-run.  Because Boddie has waived his sole issue on appeal, we affirm.

The trial court summarized the relevant facts as follows:

[A]s Officer Brian Graves traveled north on the 3100 block of North 22nd Street, he saw a black [Chevy] Tahoe traveling south on the same road with heavy front end damage, smoke coming out of the vehicle, and liquid coming from underneath.  Officer Graves then followed the Tahoe to a gas station and walked up to the vehicle to see [Boddie] in the driver's seat.  The officer asked [Boddie] if he was okay and if he knew that his car was leaking.  [Boddie] replied he was okay and that he did not know

_____

[*] Former Justice specially assigned to the Superior Court.

his car was leaking. At this time, Officer Graves smelled alcohol from [Boddie's] person and noticed his slurred speech. He also observed a case or a six-pack of beer and some opened beer sitting on the floor and on the seat of [Boddie's] vehicle. The officer then took [Boddie] outside the vehicle and placed him in the back of his patrol car.

Trial Court Opinion, 8/9/16, at 2 (citations to record omitted).

Boddie moved to suppress the blood drawn after his arrest, as well as any statements he may have made to police. In arguing his motion, Boddie asserted that the police did not have probable cause to arrest him and focused his argument on Officer Graves' observations after Boddie had been stopped. The court denied the motion. A jury subsequently convicted Boddie and the court sentenced him to an aggregate of two to four years' incarceration, followed by one year of probation. Boddie filed a notice of appeal to this Court followed by a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), in which he raised the following claim: "The [c]ourt erred in denying [Boddie's] motion to suppress." In response, in its Rule 1925(a) opinion, the trial court addressed the specific argument Boddie raised in his suppression motion, i.e., whether Officer Graves had probable cause to arrest him.

On appeal, Boddie raises the following claim: "Did the suppression court err in denying the motion to suppress?" Brief of Appellant, at 3. However, unlike in the trial court, Boddie now focuses his argument on the legality of Officer Graves' stop of his vehicle, rather than whether Officer Graves possessed probable cause to arrest him.

"[A]ppellate review of an order denying suppression is limited to examination of the precise basis under which suppression initially was sought; no new theories of relief may be considered on appeal." *Commonwealth v. Freeman*, 128 A.3d 1231, 1241 (Pa. Super. 2015), quoting *Commonwealth v. Little*, 903 A.2d 1269, 1272–73 (Pa. Super. 2006). "When a defendant raises a suppression claim to the trial court and supports that claim with a particular argument or arguments, the defendant cannot then raise for the first time on appeal different arguments supporting suppression." *Commonwealth v. Thur*, 906 A.2d 552, 566 (Pa. Super. 2006). A theory of error different from that presented to the trial court is waived on appeal, even if both theories support the same basic allegation of error which gives rise to the claim for relief. *Commonwealth v. Gordon*, 528 A.2d 631, 638 (Pa. Super. 1987).

Here, Boddie argued before the suppression court that Officer Graves' post-stop observations did not support a finding of probable cause to arrest him. *See* N.T. Suppression Hearing, 8/27/15, at 57-61. On appeal, Boddie now asserts that Officer Graves possessed neither reasonable suspicion nor probable cause to stop his vehicle. Because Boddie failed to argue the latter theory before the trial court, he may not now raise it on appeal. Accordingly, his sole appellate claim is waived.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esc.
Prothonotary

Date: 5/5/2017