J-S14038-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| CANDACE CHRISTY | |
| Appellant | No. 878 EDA 2017 |

Appeal from the Judgment of Sentence January 20, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006458-2016

BEFORE:  OTT, J., MCLAUGHLIN, J., and RANSOM, J.[*]

MEMORANDUM BY RANSOM, J.:                    **FILED APRIL 26, 2018**

Appellant, Candace Christy, appeals from the judgment of sentence of two years of reporting probation, imposed January 20, 2017, following a stipulated trial resulting in her conviction for possession of a controlled substance and purchasing a controlled substance from an unauthorized person.[1]  We affirm.

On December 5, 2015, Appellant was arrested and charged with the above-mentioned offenses near the 7500 block of Torresdale Avenue and Oakmont Street in the City and County of Philadelphia, Pennsylvania. Appellant litigated a motion to suppress before the Municipal Court.

---

[1] 35 P.S. §§ 780-113(a)(16) and (a)(19), respectively.

[*] Retired Senior Judge Assigned to the Superior Court.

At the suppression hearing, Philadelphia Police Officer Stan Galiczynski testified that he has been a police officer for eighteen years and has been assigned to the Narcotics Enforcement Team for ten to twelve years.  *See* Notes of Testimony (N.T.), 6/22/16, at 9.  During his employment as a police officer, he has witnessed thousands of narcotics sales.  *Id.*

Around 6:00 p.m. on December 5, 2015, Officer Galiczynski and other members of the 15th Police District Narcotics Enforcement Team set up surveillance in the area of 7500 Torresdale Avenue and Oakmont Street to investigate complaints of open air drug sales.  *See* N.T., 6/22/16, at 6-7.  At approximately 6:45 p.m., Officer Galiczynski observed Appellant approach Jamil Parker and Martin Hoffman.  *Id.*  After engaging in a brief conversation, Appellant offered Mr. Hoffman money.  *Id.* at 7.  In exchange, Mr. Hoffman reached into his jeans pocket, removed small objects from his pocket, and handed them to Appellant.  *Id.*  Officer Galiczynski's experience led him to believe that this transaction was consistent with narcotics sales.  *Id.*  at 9.

Appellant left, walking northbound on Torresdale.  *Id.* at 7.  Officer Galiczynski radioed her description to backup officers.  *Id.*  Appellant was stopped on the 4700 block of Meridian Street by Officer Stephen Burgoon.  *Id.*  She was arrested and transported to the 15th district.  *Id.* at 22-24.  From Appellant's purse, officers recovered two clear plastic packets containing an off-white chunky substance, later identified as crack cocaine, and two pill bottles, one containing thirty-three pills of hydrocodone, and the other containing thirty-eight pills of Xanax.  *Id.* at 7-8.

Counsel argued that the officers lacked probable cause to arrest at the moment Appellant was stopped, because her person was not searched until she was taken back to headquarters. *Id.* at 24-26. Essentially, counsel contended that at the time she was stopped, police officers did not know she possessed drugs. *Id.* at 26.

Appellant's motion to suppress was denied; the matter proceeded immediately to trial; and she was convicted of the above charges. Appellant timely appealed for a trial *de novo* to the Court of Common Pleas, and the matter proceeded to a stipulated waiver trial in August 2016, at which time the facts as presented by Officers Galiczynsi and Burgoon were read into the record. Counsel presented no argument regarding the evidence. At the conclusion of the trial, the court convicted Appellant of possession and purchase of controlled substances.

In December 2016, after trial but prior to sentencing, counsel made an oral motion for extraordinary relief pursuant to Pa.R.Crim.P. 704(B), and argued that suppression counsel was an inexperienced attorney who did not present "the best arguments." *See* N.T., 12/12/16, at 6-7. Accordingly, she requested the court reconsider the suppression hearing, because the "testimony of the officers in this case does . . . cast a level of uncertainty as to whether their version of what led them to stop Ms. Christy actually makes sense." *Id.* at 7. The court noted it could not reconsider the suppression

issue, as it was litigated in the Municipal Court, and denied the motion.[2] *Id.* at 9.

On January 20, 2017, the court sentenced Appellant to two years of reporting probation and ordered her to continue drug treatment. Appellant filed a motion seeking reconsideration of her sentence in which she asserted her innocence. However, the trial court denied this motion.

Appellant timely appealed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following question for our review:

> Did not the lower court err in denying appellant's motion to suppress the physical evidence as the police lacked probable cause to search and arrest appellant?

Appellant's Brief at 3.

Here, Appellant argues for the first time that there was no probable cause to stop her because Officer Galiczynski did not provide sufficient information regarding his training such that it could be considered by the suppression court. *Id.* at 11-15. Accordingly, she contends the nexus between his training and experience and his observation of an exchange between Mr. Hoffman and Appellant was rendered ambiguous. *Id.*

With regard to a motion to suppress,

> Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is whether the factual findings are supported by the record and whether the legal conclusions drawn

---

[2] *See* Phila. Cty. Crim. Div. R. 630 (outlining the procedure for Common Pleas review of a suppression motion litigated in Municipal Court).

- 4 -

from those facts are correct. ... [W]e must consider only the evidence of the prosecution and so much of the evidence of the defense as remains uncontradicted when read in the context of the record as a whole. Those properly supported facts are binding upon us and we may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Dixon*, 997 A.2d 368, 372 (Pa. Super. 2010) (internal citations and quotations omitted).

Moreover,

appellate review of an order denying suppression is limited to examination of the precise basis under which suppression initially was sought; no new theories of relief may be considered on appeal. *See Commonwealth v. Malloy*, 579 Pa. 425, 444, 856 A.2d 767, 778 (2004) (concluding appellant's claim of a Fifth Amendment violation was waived because such claim was not the "particular" theory advanced at the suppression hearing); *see also Commonwealth v. Doyen*, 848 A.2d 1007, 1011 (Pa. Super .2004) (stating that although the appellant challenged the admission of wiretap evidence by way of a pre-trial suppression motion, his failure to raise a specific challenge to the authenticity of a particular judge's signature precluded him from raising such a challenge for the first time on appeal), *appeal denied,* 579 Pa. 700, 857 A.2d 677 (2004).

*Commonwealth v. Little*, 903 A.2d 1269, 1272–73 (Pa. Super. 2006).

Here, suppression counsel argued solely that the police lacked reasonable suspicion and probable cause due to the fact that Appellant was not searched upon being stopped. Counsel did not argue that officers lacked probable cause based on inadequate testimony from Officer Galiczynski regarding his training and experience. In her motion for extraordinary relief following trial, counsel argued only that 1) suppression counsel was an inexperienced attorney who did not present "the best arguments," and 2) the testimony of the police officers was rendered "uncertain." However, because

these arguments were not, in fact, presented at the suppression hearing, we cannot now revisit them on appeal. *Id.* at 1272.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/26/18