J-S29033-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GALINA LIALKO | : | |
| | : | |
| Appellant | : | No. 2891 EDA 2019 |

Appeal from the Judgment of Sentence Entered October 1, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0006899-2018

BEFORE: PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:  **FILED JULY 21, 2020**

Galina Lialko (Lialko) appeals the judgment of sentence entered by the Court of Common Pleas of Delaware County (trial court). Following a bench trial, Lialko was found guilty of driving under the influence of alcohol (DUI)[1] and driving with a blood-alcohol concentration of over 0.16%.[2] The counts were merged for sentencing purposes, and Lialko received two years of intermediate punishment, followed by one year of probation. Lialko contends in this appeal that her convictions must be overturned because the trial court

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(a)(1).

[2] 75 Pa.C.S. § 3802(c).

erroneously denied her motion to suppress evidence obtained during the subject traffic stop. We affirm.

The material facts of this case, as summarized in the trial court's 1925(a) opinion, are not in dispute. *See* 1925(a) Opinion, 11/20/2019, at 3-5. On June 8, 2018, at about 3:00 a.m., a patrol officer observed Lialko driving alone in her car on an interstate highway. In view of the officer, she made an "abrupt and wide" lane change, passing a vehicle from the left lane to the right lane. *Id*. at 5. Moments later, Lialko repeated the maneuver when she caught up to another motorist. *Id*.

The officer followed Lialko as she moved her vehicle into the right lane and weaved through traffic. The officer trailed Lialko at speeds up to 75 miles per hour in a zone with a posted speed limit of 55 miles per hour. However, the officer did not clock that speed for 3/10 of a mile because of Lialko's erratic breaking and acceleration. *Id*. at 4.

On three occasions, the officer saw Lialko's vehicle shortly cross a solid white "fog line" on the right shoulder of the road. *Id*. Finally, as Lialko appeared to be poised to turn off the highway at an exit about two miles from where the officer first spotted her, Lialko again drove on, at which point the officer pulled her over to investigate a possible DUI. *Id*. at 5.

As recounted by the officer, Lialko seemed sluggish; her eyes were bloodshot; her speech was slurred; and her vehicle smelled strongly of alcohol. *See* Affidavit of Probable Cause, 7/9/2018, at 1. The officer had

Lialko perform a series of roadside exercises. Based on her performance, she was arrested on suspicion of DUI. About two hours after she was taken into custody, Lialko took a breathalyzer test registering a blood-alcohol level of 0.198%, over double the legal limit. *Id*.

At trial, Lialko sought to suppress the result of the breathalyzer test, as well as all other evidence obtained by the police after she was pulled over, arguing that it was the fruit of an unreasonable search.[3] Lialko contended that because the officer did not observe her violate any traffic law, he did not have reasonable suspicion that she was intoxicated.

The trial court denied Lialko's suppression motion, ruling that the traffic stop was valid. Lialko went to trial, where she was found guilty and sentenced as outlined above. Lialko timely appealed, and the trial court set forth its findings of fact and rulings of law in a 1925(a) opinion concluding that under the totality of the circumstances, the officer gave a credible account supporting reasonable suspicion for the stop. *See* 1925(a) Opinion, 11/20/2019, at 4-5.

The sole issue Lialko raises on appeal is whether, as a matter of law, the trial court erred in finding that the officer's observations justified her initial

---

[3] A certificate of speedometer accuracy and a video recording taken from within the patrol vehicle were put into evidence at the suppression hearing, which was held on April 4, 2019. The bench trial was held on August 5, 2019.

detention. *See* 1925(b) Statement, 11/6/2019, at 1. We find that since the trial court believed the officer to be credible and the officer's account is sufficient to establish the stop's legality, the trial court did not err in denying Lialko's motion to suppress the evidence obtained after the traffic stop began.[4]

"A warrantless seizure is presumptively unreasonable under the Fourth Amendment, subject to a few specifically established, well-delineated exceptions." ***Commonwealth v. Chase***, 960 A.2d 108, 113 (Pa. 2008); ***see also Terry v. Ohio***, 392 U.S. 1 (1968) (same); ***Katz v. United States***, 389 U.S. 347, 357 (1967) (same). One such exception is that police may briefly detain motorists when the officers "witness or suspect a violation of traffic laws, even if it is a minor offense." ***Chase***, 960 A.2d at 113. Such a detention must be justified "at its inception," as well as "reasonably related in scope to

_____

[4] On review of an order denying the suppression of evidence, we apply the following standard:

> We are limited to determining whether the lower court's factual findings are supported by the record and whether the legal conclusions drawn therefrom are correct. We may consider the evidence of the witnesses offered by the Commonwealth, as verdict winner, and only so much of the evidence presented by [the] defense that is not contradicted when examined in the context of the record as a whole. We are bound by facts supported by the record and may reverse only if the legal conclusions reached by the court were erroneous.

***Commonwealth v. Hughes***, 908 A.2d 924, 927 (Pa. Super. 2006).

the circumstances which justified the interference in the first place."

***Commonwealth v. Zhahir***, 751 A.2d 1153, 1156 (Pa. 2000).

To stop a vehicle because of a suspected DUI, an officer must have reasonable suspicion of that crime as opposed to the more stringent standard of probable cause:

> [W]hen considering whether reasonable suspicion or probable cause is required constitutionally to make a vehicle stop, the nature of the violation has to be considered. If it is not necessary to stop the vehicle to establish that a violation of the Vehicle Code has occurred, an officer must possess probable cause to stop the vehicle. Where a violation is suspected, but a stop is necessary to further investigate whether a violation has occurred, an officer need only possess reasonable suspicion to make the stop. Illustrative of these two standards are stops for speeding and DUI. If a vehicle is stopped for speeding, the officer must possess probable cause to stop the vehicle. This is so because when a vehicle is stopped, nothing more can be determined as to the speed of the vehicle when it was observed while traveling upon a highway.

***Commonwealth v. Salter***, 121 A.3d 987, 993 (Pa. Super. 2015); ***see also*** 75 Pa.C.S. § 6308(b) (authorizing police stop a vehicle when there is reasonable suspicion that a Traffic Code violation has occurred).

An officer has "reasonable suspicion" of criminal activity or a violation of the Vehicle Code where she can articulate "specific observations which, in conjunction with reasonable inferences derived from these observations led [her] reasonably to conclude, in light of [her] experience, that criminal activity was afoot and the person [s]he stopped was involved in that activity." ***Commonwealth v. Fulton***, 921 A.2d 1239, 1243 (Pa. Super. 2007) (quoting ***Commonwealth v. Little***, 903 A.2d 1269, 1272 (Pa. Super. 2006)).

Although Lialko correctly points out that she was never seen violating the Traffic Code prior to the stop in question,[5] a violation is not necessary to establish the legality of a stop for the purposes of investigating a DUI:

> [I]f an officer possesses sufficient knowledge based upon behavior suggestive of DUI, the officer may stop the vehicle upon reasonable suspicion of a Vehicle Code violation, since a stop would provide the officer the needed opportunity to investigate further if the driver was operating under the influence of alcohol or a controlled substance.

*Salter*, 121 A.3d at 993 (citations omitted); *see also Commonwealth v. Cook*, 735 A.2d 673, 676 (Pa. 1999) ("[E]ven a combination of innocent facts, when taken together, may warrant further investigation by the police officer.").

In this case, there were sufficient circumstances prior to the stop that could justify the need for an officer to investigate if Lialko was driving while impaired by alcohol or a controlled substance. The officer testified that he saw Lialko's vehicle exceed the posted speed limit by about 20 miles per hour. Over a two-mile stretch, the officer also saw Lialko weaving through traffic, crossing over the fog line three times, and drifting within her lane. Lialko's conduct at the wheel also suggested that she was confused, as evidenced by her indecision at highway exits and aggressive passes of other drivers.

---

[5] The officer and the Commonwealth have never attempted to show that the stop was justified by a speeding violation alone. Rather, Lialko's speeding was referred to as part of the broader pattern of conduct that could indicate that she was driving while impaired.

Even if it was not a crime to drive in the manner that the officer in this case observed, these circumstances were nevertheless sufficient to justify a reasonable inference that Lialko was committing the offense of DUI and that a traffic stop would be needed for further investigation. ***See, e.g., Commonwealth v. Feczko***, 10 A.3d 1285, 1287 (Pa. Super. 2010) (DUI stop valid where officer saw vehicle repeatedly drifting over fog line and median line); ***Commonwealth v. Fulton***, 921 A.2d 1239, 1243 (Pa. Super. 2007) (legal stop where officer saw driver swerve out of lane three times in a dense fog on a crowded road and twice over fog line); ***Commonwealth v. Sands***, 887 A.2d 261, 272 (Pa. Super. 2005) (stop valid where officer saw driver repeatedly weaving back and forth over fog line and likely exceeding speed limit). Thus, the trial court did not err in denying Lialko's suppression motion, and the order on review must stand.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/21/20

- 7 -