J-A23043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM A. MOULIS | |
| Appellant | No. 1674 WDA 2014 |

Appeal from the Judgment of Sentence September 3, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0002584-2014

BEFORE:  GANTMAN, P.J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED OCTOBER 30, 2015**

Appellant, William A. Moulis, appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following his bench trial convictions for driving under the influence of alcohol or a controlled substance ("DUI"), stop signs and yield signs, and careless driving.[1]  We affirm.

The relevant facts and procedural history of this case are as follows. On the morning of November 2, 2013, Lisa Jacobs called 911 to report an erratic driver.  Ms. Jacobs informed the 911 dispatcher she had observed the driver of a tan/brown Chevy Cavalier sedan driving erratically, swerving, and failing to stop at multiple stop signs.  Ms. Jacobs said the driver of the

---

[1] 75 Pa.C.S.A. §§ 3802(d)(2); 3323(b); 3714(a), respectively.

vehicle almost hit her car. Ms. Jacobs believed the driver might be intoxicated and posed a threat to others on the road. Ms. Jacobs subsequently supplied police with a written statement of the events as well.

Officer Eric Maga responded to the 911 dispatch and pulled over the vehicle Ms. Jacobs had described. Appellant was the driver of the vehicle and Mary Mattei, Appellant's girlfriend, was the passenger. When Officer Maga approached Appellant's vehicle, he noticed Appellant spoke very slowly and had pinpoint pupils. Appellant took longer than usual to produce his insurance card and failed to produce his driver's license and registration card the first time Officer Maga requested those documents, requiring the officer to ask a second time. Based on the 911 dispatch and Officer Maga's observations, the officer suspected Appellant might be under the influence of pills or narcotics. Officer Maga asked Appellant to exit the vehicle so the officer could perform field sobriety tests. Officer Maga initially conducted a Horizontal Gaze Nystagmus ("HGN") test; Appellant displayed six out of six signs of impairment during this test. Officer Maga also administered a Portable Breath Test ("PBT"), which did not detect alcohol on Appellant's breath. Officer Maga began giving instructions for the walk-and-turn test thereafter, but due to the heavy flow of traffic and Officer Maga's observations that Appellant was unsteady on his feet, the officer decided for safety reasons to continue the field sobriety testing at the police station.

At the police station, Officer Maga conducted the walk-and-turn test

and the one-leg stand test. Appellant failed both tests. Based on Appellant's deficient performance on the field sobriety tests, and the officer's observations, Officer Maga concluded Appellant was under the influence of narcotics. A subsequent blood draw showed Appellant had Xanax and Valium in his system. Appellant said he had a prescription for Xanax, but Appellant did not produce the prescription to the officer.

The Commonwealth charged Appellant with DUI and other summary offenses. On August 8, 2014, Appellant filed a suppression motion claiming, *inter alia*, Officer Maga lacked probable cause to arrest Appellant. Specifically, Appellant disputed that he failed the field sobriety tests and requested the Commonwealth to produce video footage from Officer Maga's police dashboard camera and video surveillance from the police station where Officer Maga had later conducted field sobriety tests. The court held a suppression hearing on August 11, 2014. At the suppression hearing, the Commonwealth presented testimony/evidence from Lisa Jacobs and Officer Maga. Ms. Jacobs testified about her observations of Appellant's erratic driving on the morning in question, which prompted her to call 911. Officer Maga testified about his observations of Appellant and his administration of the various field sobriety tests. Officer Maga also explained that the dashboard camera in his police cruiser had been disconnected and was non-functioning on the morning of November 2, 2013. Thus, Officer Maga maintained there was no video footage of Appellant's performance of the

HGN test. Officer Maga further testified that there is a surveillance camera in the hallway of the police station where the officer conducted the later field sobriety tests, but Officer Maga was unsure whether the camera was functioning on the date in question. The Commonwealth also moved into evidence, without objection, an e-mail dated June 25, 2014, from the Assistant District Attorney to defense counsel, confirming there was no video footage of any of the field sobriety tests.

The defense presented testimony from Ms. Mattei. Ms. Mattei's version of events directly contradicted the events as described by Ms. Jacobs and Officer Maga. Ms. Mattei testified that Ms. Jacobs was the person driving erratically, and Appellant only swerved to move out of Ms. Jacobs' way. Ms. Mattei said Ms. Jacobs was "flying down the road" and almost caused a big accident. Additionally, Ms. Mattei thought Appellant successfully completed the HGN test. Ms. Mattei admitted she did not see Appellant perform the walk-and-turn test or one-leg stand test because she was seated in the lobby of the police station at that time, but Ms. Mattei maintained she saw video surveillance in the lobby. Ms. Mattei guessed that, if Officer Maga had conducted field sobriety tests at the police station, then there would be video footage of those tests. Ms. Mattei also indicated Appellant has a prescription for Xanax and Valium. At the conclusion of the hearing, the court denied Appellant's suppression motion. The court expressly stated it found Ms. Mattei's testimony incredible.

Appellant proceeded directly to a bench trial. The parties incorporated by reference all testimony/evidence from the suppression hearing with the exception of testimony and evidence concerning the HGN test and the PBT.[2] The Commonwealth recalled Officer Maga. Officer Maga testified that Appellant admitted at the time of his blood draw he had consumed two Xanax, but Appellant did not recall if he had taken those pills the night before the traffic stop or two nights prior. Based on the officer's observations of Appellant, Officer Maga opined Appellant was incapable of safe driving. The parties stipulated that the levels of Xanax and Valium detected in Appellant's blood were consistent with therapeutic values for those drugs.

The Commonwealth also presented testimony from Jennifer Janssen, an expert in forensic toxicology. Ms. Janssen testified that Appellant's blood results showed the presence of Xanax and Valium. Ms. Janssen explained Xanax can cause drowsiness, lightheadedness, and impaired coordination. Ms. Janssen stated Valium can cause sedation, muscle relaxation, and lethargy. Ms. Janssen also indicated that pinpoint pupils are more indicative of opiate use, which was not detected in Appellant's system. Nevertheless, Ms. Janssen explained that just because a drug is below the detection limit does not necessarily mean the individual did not consume that particular

_____

[2] Thus, Appellant's performance during the HGN test and the results of the PBT are relevant only to Appellant's suppression challenge.

drug. Ms. Janssen concluded there were therapeutic concentrations of Xanax and Valium in Appellant's system at the time of the blood draw, and Appellant was "under the influence" of those substances. The defense did not present any additional testimony or evidence.

At the conclusion of trial, the court found Appellant guilty of DUI, stop signs and yield signs, and careless driving. The court specifically said it deemed Ms. Jacobs' testimony credible and Ms. Mattei's testimony incredible. On September 3, 2014, the court sentenced Appellant to time served plus six (6) months' probation for DUI; the court imposed no further penalty for the summary offenses. Appellant timely filed a post-sentence motion on Monday, September 15, 2014, which the court denied the next day. Appellant timely filed a notice of appeal on October 14, 2014. On October 16, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant subsequently filed a motion for extension, which the court granted until November 25, 2014. On November 25, 2014, Appellant timely filed his concise statement.

Appellant raises the following issues for our review:

> WHETHER THE [TRIAL] COURT ERRED IN REFUSING TO GRANT APPELLANT'S MOTION TO SUPPRESS THE EVIDENCE OF THE ARREST FOR LACK OF PROBABLE CAUSE?
>
> WHETHER APPELLANT'S DUE PROCESS RIGHTS WERE VIOLATED BY THE COMMONWEALTH'S FAILURE TO PRODUCE VIDEOTAPE TESTIMONY OF THE TRAFFIC STOP

AND SOBRIETY TESTS?

WHETHER THE TRIAL COURT ERRED IN ARGUING THAT APPELLANT'S CLAIMS RELATED TO SUFFICIENCY OF THE EVIDENCE AND WEIGHT OF THE EVIDENCE WERE WAIVED FOR REVIEW BY THIS COURT FOR FAILING TO PROVIDE A SUFFICIENTLY DETAILED [RULE] 1925(B) STATEMENT?

WHETHER THE TRIAL COURT ERRED IN DETERMINING THAT THERE WAS SUFFICIENT EVIDENCE ON THE RECORD TO SUPPORT APPELLANT'S CONVICTION FOR DUI-CONTROLLED SUBSTANCE?

WHETHER THE VERDICT OF THE TRIAL COURT OF GUILTY FOR DUI-CONTROLLED SUBSTANCE IS AGAINST THE WEIGHT OF THE EVIDENCE?

(Appellant's Brief at xi).

"Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." **Commonwealth v. Williams**, 941 A.2d 14, 26 (Pa.Super. 2008) (*en banc*) (quoting **Commonwealth v. Jones**, 874 A.2d 108, 115 (Pa.Super. 2005)).

> [W]e may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the court erred in reaching its legal conclusions based upon the facts.

**Williams, supra** at 27 (quoting **Jones, supra**).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Anthony M.

Mariani, we conclude Appellant's issues merit no relief. The trial court's opinion comprehensively discusses and properly disposes of the questions presented. (**See** Trial Court Opinion, filed December 2, 2014, at 4-9) (finding: **(issue 1)** Officer Maga pulled over Appellant's vehicle based on 911 dispatch that Appellant was driving erratically;[3] Officer Maga administered HGN test at scene of traffic stop; Officer Maga testified at suppression hearing that Appellant exhibited six out of six signs of impairment during that test; Officer Maga also conducted walk-and-turn test and one-leg stand test, both of which Appellant failed; court found incredible Ms. Mattei's testimony about her observations of Appellant's performance on field sobriety tests; based on Officer Maga's observations and Appellant's failure of field sobriety tests, Officer Maga had probable cause to arrest Appellant;[4] **(issue 2)** Commonwealth did not possess materials requested

---

[3] In its opinion, the trial court initially analyzed whether police had reasonable suspicion to stop Appellant's vehicle. (**See** Trial Court Opinion at 2-4). Appellant does not contest the validity of the traffic stop on appeal, so we need not address it.

[4] To the extent Appellant claims on appeal that he was under arrest **before** the additional field sobriety testing at the police station, Appellant did not preserve that specific complaint at the suppression hearing or in his Rule 1925(b) statement, so it is waived. *See Commonwealth v. Castillo*, 585 Pa. 395, 888 A.2d 775 (2005) (holding any issue not raised in Rule 1925(b) statement is waived on appeal); *Commonwealth v. Little*, 903 A.2d 1269 (Pa.Super. 2006) (explaining appellate review of order denying suppression is limited to examination of precise basis under which suppression was initially sought; court will not consider new theories of relief on appeal). Moreover, even if Appellant was under arrest before the additional field
*(Footnote Continued Next Page)*

by Appellant; Officer Maga testified that dashboard camera inside his police cruiser was not operational on date in question; Officer Maga further testified he had no knowledge regarding whether any video existed depicting Appellant's performance of field sobriety tests at police station; Appellant provided no evidence that videos of his field sobriety tests actually exist; even if Appellant could show existence of videos, Appellant demonstrated no bad faith by Commonwealth in relation to preservation of alleged videos;[5]

_(Footnote Continued)_ ────────

sobriety testing, Officer Maga had probable cause to arrest Appellant at the scene of the traffic stop based on: (1) Ms. Jacobs' report that Appellant was driving erratically; (2) Officer Maga's observations of Appellant's very slow speech and pinpoint pupils; (3) Appellant's failure to produce his driver's license and registration when initially asked; (4) Appellant's slow production of his insurance card; (5) Appellant's failure of the HGN test, in which Appellant exhibited six out of six signs of impairment; and (6) Appellant's unsteadiness on his feet during the instructional phase of the walk-and-turn test. _See, e.g., Commonwealth v. Weaver_, 76 A.3d 562 (Pa.Super. 2013) (explaining probable cause exists if facts and circumstances within personal knowledge of police officer are sufficient to warrant person of reasonable caution in belief that offense has been committed; holding officer had probable cause to arrest defendant for DUI where concerned citizen called police to report defendant's erratic driving, officer initiated traffic stop, defendant appeared sluggish and responded slowly to commands, defendant failed HGN test, and police recovered Suboxone and Valium from defendant's vehicle).

[5] Appellant also claims the Commonwealth's failure to disclose the alleged videotapes constitutes a violation of _Brady v. Maryland_, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (holding suppression by prosecution of evidence favorable to accused upon request violates due process where evidence is material either to guilt or punishment, regardless of good or bad faith by prosecution). To succeed on a _Brady_ challenge, the defendant must show: (1) the evidence was favorable to the accused, either because it is exculpatory or impeaching; (2) the Commonwealth suppressed the evidence; and (3) the defendant suffered prejudice. _Commonwealth v._
_(Footnote Continued Next Page)_

**(issues 3-5)** Appellant's bald allegations in Rule 1925(b) statement concerning challenges to sufficiency and weight of evidence are too vague to permit review; Appellant's claims provide no guidance as to which elements of DUI offense Commonwealth allegedly failed to prove, and how weight of evidence did not support verdict; Appellant's sufficiency and weight of evidence claims are waived for vagueness).

Moreover, when examining a challenge to the sufficiency of evidence:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the

---
*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

***Feese***, 79 A.3d 1101 (Pa.Super. 2013), *appeal denied*, 626 Pa. 674, 94 A.3d 1007 (2014). Here, Appellant offered only the testimony of Ms. Mattei to support his proposition that the videotapes existed and would contain "favorable evidence" (*i.e.*, they would show Appellant did not fail the field sobriety tests). The trial court found Ms. Mattei's testimony incredible. Thus, Appellant cannot demonstrate a ***Brady*** violation. ***See id.***

weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa.Super. 2011), *appeal denied*, 613 Pa. 642, 32 A.3d 1275 (2011) (quoting *Jones, supra* at 120-21).

The Vehicle Code defines the offense of DUI, in relevant part, as follows:

> **§ 3802. Driving under influence of alcohol or controlled substance**
>
> \* \* \*
>
> **(d) Controlled substances.**—An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:
>
> \* \* \*
>
> > (2) The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(d)(2). Additionally:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the…verdict if it is so contrary to the evidence as to shock one's sense of justice.
>
> Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the

weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

***Commonwealth v. Champney***, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (internal citations omitted).

Instantly, the Commonwealth presented the following testimony/evidence at trial: (1) Ms. Jacobs testified she was driving her children to a doctor's appointment on the morning of November 2, 2013, when she observed the driver of a nearby vehicle driving erratically; the driver failed to stop at multiple stop signs, swerved all over the road, drove across both lanes of traffic without signaling, and almost caused an accident; other drivers were honking their horns; Ms. Jacobs called 911 and described the vehicle and the driver's actions; (2) Officer Maga responded to the 911 dispatch and pulled over the vehicle Ms. Jacobs had described; Appellant was the driver of the vehicle and Ms. Mattei was the passenger; Appellant spoke very slowly and took longer than Officer Maga had expected to produce his insurance card; Appellant failed to comply with the officer's initial request to supply his driver's license and registration; Appellant had pinpoint pupils, consistent with the consumption of pills or narcotics; Officer Maga conducted a walk-and-turn test and one-leg stand test, both of which Appellant failed; a subsequent blood draw showed Appellant had Xanax and Valium in his system; Appellant admitted taking Xanax either the night

before or two nights prior; Officer Maga believed Appellant was incapable of safe driving; and (3) Ms. Janssen, an expert in forensic toxicology, testified that Appellant had Xanax and Valium in his system at the time of the incident; Ms. Janssen explained the adverse side effects of both substances, which were consistent with Officer Maga's observations of Appellant's behavior at the time of the traffic stop.

The defense offered the suppression testimony from Ms. Mattei. Ms. Mattei's version of events directly contradicted the events as described by Ms. Jacobs and Officer Maga. Ms. Mattei testified that Ms. Jacobs was the person driving erratically and Appellant only swerved to move out of Ms. Jacobs' way. Ms. Mattei admitted she did not see Appellant perform the walk-and-turn test or one-leg stand test because she was in the lobby of the police station at that time. Ms. Mattei also testified that Appellant has a prescription for Xanax and Valium. The court expressly stated it found Ms. Jacobs' testimony credible and Ms. Mattei's testimony incredible. Viewed in the light most favorable to the Commonwealth as verdict-winner, the evidence was sufficient to sustain Appellant's conviction for DUI. **See** 75 Pa.C.S.A. § 3802(d)(2); **Hansley, supra**. Additionally, the trial court as fact-finder was free to accept the testimony from the Commonwealth's witnesses and to reject Ms. Mattei's testimony. **See Champney, supra**. Appellant's guilty verdict for DUI is not so contrary to the evidence as to shock one's sense of justice. **See id.** Thus, even if Appellant had preserved

his challenges to the sufficiency and weight of the evidence, those claims would still merit no relief. Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/30/2015

Circulated 10/19/2015 10:49 AM

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CRIMINAL DIVISION


COMMONWEALTH OF PENNSYLVANIA     )
                                           )

       vs.                              ) CC No. 2014-02584
                                           )

WILLIAM A. MOULIS,             )
                                           )

       Defendant.              )
                                           )


## OPINION

Mariani, J.


This is a direct appeal wherein the defendant appeals the Judgment of Sentence of September 3, 2014 which became final when this Court denied defendant's post-sentencing motions on September 16, 2014. After a non-jury trial, the defendant was found guilty of driving under the influence of a controlled substance and various vehicle code offenses. Defendant was sentenced to a term of imprisonment of time served followed by a term of probation of six months. Defendant then filed this timely appeal. On appeal, the defendant claims that this Court erred in denying his suppression motion generally and more specifically in that this Court rejected his claim that he was arrested without probable cause. Defendant also claims that he was denied due process when the Commonwealth did not turn over certain video evidence. Defendant also raises challenges based on the sufficiency and weight of the evidence. All claims fail.

(19)

Defendant first claims that this Court erred in denying his motion to suppress. Prior to trial, Defendant filed an Omnibus Pretrial Motion. That motion contained a motion to suppress, a request for a probable cause hearing and a motion to dismiss predicated on the Commonwealth's refusal to produce video evidence of the stop of defendant's vehicle and the field sobriety tests administered to the defendant. Defendant's motion to suppress was based on defendant's contention he was arrested without probable cause because he did not violate the vehicle code nor did he fail any field sobriety tests prior to his arrest. It is not clear whether the defendant challenged the stop of his vehicle as well as the probable cause to arrest him or whether he challenged only the probable cause to arrest him.[1] Regardless, both arguments fail.

Police officers are permitted to conduct a vehicle stop if the officer has reasonable suspicion to believe that a violation of the Motor Vehicle Code is occurring or has occurred. Commonwealth v. Holmes, 14 A.3d 89, 95 (Pa. 2011). "To have reasonable suspicion, police officers need not personally observe the illegal or suspicious conduct, but may rely upon the information of third parties, including tips from citizens." Commonwealth v. Swartz, 787 A.2d 1021, 1024 (Pa. Super. 2001) (en banc). "Indeed, identified citizens who report their observations of criminal activity to police are assumed to be trustworthy, in the absence of special circumstances, since a known informant places himself at risk of prosecution for filing a false claim if the tip is untrue, whereas an

---

[1] In his Omnibus Pretrial Motion and in his 1925(b) statement, the defendant only claimed that his arrest was without probable cause. He never specifically challenged the actual stop of his vehicle, which required the standard of reasonable suspicion. See Commonwealth v. Holmes, 14 A.3d 89, 95 (Pa. 2011). However, because the defendant claimed in his Omnibus Pretrial Motion that he never violated the vehicle code and did not fail any sobriety tests, this Court will address both issues in its opinion.

unknown informant faces no such risk." <u>Commonwealth v. Barber</u>, 889 A.2d 587, 593 (Pa. Super. 2005). Similarly, "Pennsylvania law . . . permits a vehicle stop based upon a radio bulletin if evidence is offered at the suppression hearing to establish reasonable suspicion." Id. at 594; see also <u>Commonwealth v. Anthony</u>, 977 A.2d 1182, 1185-1186 (Pa.Super. 2009).

The defendant's vehicle was stopped as a result of a 911 call from a concerned motorist, Lisa Jacobs, whose identity was known to the 911 dispatcher. Ms. Jacobs relayed her observations that the defendant had been operating his vehicle in a reckless manner. Ms. Jacobs told the 911 dispatcher that she was driving on Ewings Mill Road in Robinson Township. While she was driving, the defendant's vehicle had quickly driven up to the left side of her vehicle and almost swerved into her vehicle. The defendant's vehicle quickly swerved away. She then observed the defendant's vehicle pass her and repeatedly swerve again across her lane and into oncoming traffic and almost drive off the road. She related that other vehicles were forced off the road due to the defendant's driving and they were honking their horns at him. She also explained that the defendant drove through a few stop signs. She then continued to her destination and called 911. Ms. Jacobs was able to describe the vehicle to the 911 dispatcher and she relayed all of her observations about the defendant's driving. Officer Eric Maga was dispatched to investigate the matter. He called Ms. Jacobs and she related her observations to him. Officer Maga quickly located the defendant's vehicle and initiated a traffic stop. Ms. Jacobs's information concerning the defendant's erratic driving clearly established reasonable suspicion that the defendant had violated the Motor Vehicle

3

Code.    Accordingly, the information supplied by Ms. Jacobs was sufficient to provide

the requisite reasonable suspicion for Officer Maga to conduct the traffic stop.[2]

Therefore, the stop of defendant's vehicle was proper.

Similarly, probable cause existed to arrest the defendant. Probable cause to arrest

exists when a police officer has knowledge of sufficient facts and circumstances to

warrant a prudent person to believe that the driver has been driving under the influence of

alcohol or a controlled substance.    Commonwealth v. Angel, 946 A.2d 115, 118

(Pa.Super. 2008).    In this case, Officer Maga administered field sobriety tests to the

defendant.    Officer Maga testified that he administered the horizontal gaze nystagmus

test, or eye test, and the results of that test disclosed that the defendant exhibited all six

signs of impairment. The walk-and-turn test and the one-leg test were also administered.

The defendant failed both of those tests as well.    At the time of the defendant's arrest,

Officer Maga was aware that the defendant had been driving in an erratic manner and he

had failed three field sobriety tests.[3]    He clearly possessed the required knowledge that

the defendant had been driving under the influence of a controlled substance. This Court

believes this evidence was clearly sufficient to establish probable cause to arrest the

defendant.

---

[2] The defendant's girlfriend testified that the defendant did not commit any vehicle code violations. For the reasons set forth on the record, this Court did not find her testimony credible.

[3] The defendant's girlfriend testified that she did not see the defendant fail the field sobriety tests. Again, for the reasons set forth on the record, this Court did not find her testimony credible.

4

Defendant next claims that his due process rights were violated when the Commonwealth did not provide copies of a dash cam videotape from Officer Maga's police cruiser or a videotape of the defendant's filed sobriety tests conducted at the Robinson Township Police Station.

Under Pennsylvania discovery rules, a defendant may request the Commonwealth to produce inculpatory evidence that is relevant and the Commonwealth must produce such information provided it is within the possession of the Commonwealth. Commonwealth v. Dent, 837 A.2d 571, 585 (Pa.Super. 2003). However, where the evidence is equally accessible or inaccessible to both parties, a defendant cannot use the discovery rules to compel the Commonwealth to produce such evidence. Id. Moreover, unless a criminal defendant can show bad faith on the part of the Commonwealth, the Commonwealth is not accountable for the failure to preserve any potentially useful evidence and the failure to preserve such evidence does not constitute a denial of due process of law." Commonwealth v. Feese, 79 A.3d 1101, 1108 (Pa.Super. 2013).

The evidence adduced during the suppression hearing indicated that the Commonwealth did not possess the materials requested by the defendant. Officer Maga testified that dashboard camera inside the police cruiser he was driving at the time of the arrest was never operational. He testified that the police cruiser had been placed in service in 2012 and that the dashboard camera never worked since that time. He also testified that he had no knowledge as to whether a video existed of the defendant performing field sobriety tests in the hall area of the police station. The Commonwealth

5

advised the Court that the video recorded in the Robinson Township Police Department hallway "loops over itself" if no timely request is made to preserve the video. The defendant was arrested on November 2, 2013. The suppression hearing occurred on August 11, 2014. Defense counsel did not file a motion seeking disclosure of the video until August 8, 2014. Officer Maga only became aware that the defendant's counsel requested a copy of the video on the date of the suppression hearing. Although the defendant made a general statement that he believed that the videos in question did actually exist, he did not provide any evidence that the videos actually existed or what information would have been contained on them. Simply put, the videos requested by the defendant were not in possession of the Commonwealth. Dashboard camera videos never existed. Additionally, even if the defendant could have somehow proved the existence of the videos, there was certainly no showing by the defendant of any bad faith on the part of the Commonwealth in relation to the preservation of such videos. Accordingly, the failure to produce any of the videos to the defendant was not error.

The defendant's final four issues relate to very general challenges to the sufficiency of the evidence and the weight of the evidence. Pennsylvania courts have explained that "a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all." Commonwealth v. Dowling, 778 A.2d 683 686 (Pa. Super. 2001); see also Commonwealth v. Seibert, 799 A.2d 54 (Pa. Super. 2002). In such circumstances, the vague issues raised on appeal are deemed waived. Lineberger v. Wyeth, 894 A.2d 141,

6

148 (Pa. Super. 2006). As set forth in <u>Commonwealth v. Reeves</u>, 907 A.2d 1, 2-3 (Pa. Super. 2006):

> There is a common sense obligation to give the trial court notice as to what the trial court should address in its Rule 1925(a) opinion. While there is a middle ground that counsel must travel to avoid having a Rule 1925(b) statement so vague that the trial judge cannot ascertain what issues should be discussed in the Rule 1925(a) opinion or so verbose and lengthy that it frustrates the ability of the trial judge to hone in on the issues actually being presented to the appellate court, *see* <u>Kanter v. Epstein</u>, 866 A.2d 394 (Pa. Super. 2004), that is not an onerous burden to place on counsel. It only requires using a little common sense.

Germane to this case, general claims of insufficiency of evidence or weight of evidence that do not articulate the specific elements that an appellant deems weren't established at trial are too vague and result in a waiver of the issues raised on appeal. See <u>Commonwealth v. Williams</u>, 959 A.2d 1252, 1257-1258; (Pa. Super. 2008). In <u>Williams</u>, the Superior Court was evaluating a 1925(b) statement that posed the following question:

> Was there not insufficient evidence to sustain the charges of Murder, Robbery, VUFA no license, and VUFA on the streets. [sic] Thus, denying petitioner due process of law?

The Superior Court held that this statement was too vague and, therefore, the issue of sufficiency was waived on appeal:

> Similarly, Appellant herein failed to articulate the specific elements of any crime which he deems the evidence presented at trial failed to sufficiently establish. Though the Commonwealth did not object to Appellant's defective 1925(b) statement on this issue, the trial court indicated in

7

its Opinion that Appellant's failure to list any reasons he believes that the evidence was insufficient to sustain the charges created a situation in which this is issue is too ambiguous to be effectively reviewed by the trial court and should be dismissed. Trial Court Opinion, filed June 26, 2007, at 7. As such, in light of Flores, *supra,* we find Appellant has waived this issue.

Williams, 959 A.2d at 1257-1258; see also Commonwealth v. Flores, 921 A.2d 517, 522-523 (Pa. Super. 2007)( a 1925(b) statement stating that "[t]he evidence presented was insufficient to prove beyond a reasonable doubt that the appellant committed the above-captioned offenses" and that "the testimony of Sondra Coble, Julienne Briggs, and Atlas Simpson was insufficient to prove beyond a reasonable doubt that the appellant committed the above-captioned offenses" did not properly preserve a sufficiency of the evidence claim for appellate review.); Reeves, 907 A.2d at 3 (a Rule 1925(b) statement that stated, "[t]he evidence was insufficient to support the verdict on the charge of securing execution of documents by deception" was insufficient and the issue was, therefore, waived.); Seibert, 799 A.2d 54 (Appellant's weight of the evidence issue waived for having filed a vague 1925(b) statement claiming only that "the verdict of the jury was against the weight of the credible evidence as to all of the charges.")

In this case, the defendant's final four claims in his 1925(b) statement fall short of what is required in such a statement. The defendant makes bald allegations that the evidence was insufficient to convict him and that the verdict was against the weight of the evidence. He also makes two allegations that his guilt was not proven beyond a reasonable doubt. He claims that the trial court erred in finding him guilty beyond a

8

reasonable doubt and he claims that the Commonwealth of Pennsylvania did not prove his guilt beyond a reasonable doubt. His claims do not provide any guidance as to which elements were lacking proof and how the weight of the evidence did not support the verdict rendered in this case. These allegations are too vague and, pursuant to the authority set forth above, this Court believes that these issues are waived for appellate review.

For the foregoing reasons, the Judgment of Sentence should be affirmed.

By the Court:

Date: _December 1, 2014_      _____ J.