J-A14010-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:  PENNSYLVANIA
:
v. :
:
:
:
GERMAINE OCTAVIUS J. ALFORD :
:
Appellant : No. 1052 WDA 2020

Appeal from the Judgment of Sentence Entered February 19, 2020
In the Court of Common Pleas of Clarion County Criminal Division at
No(s):  CP-16-CR-0000223-2019

BEFORE:  MURRAY, J., KING, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                     **FILED: JULY 9, 2021**

Germaine Octavius J. Alford (Appellant) appeals from the judgment of

sentence imposed after a jury found him guilty of possession with intent to

deliver a controlled substance, possession of a controlled substance, and

possession of drug paraphernalia.[1]  Upon careful review, we affirm but for

reasons different from those expressed by the trial court.  ***See Rosiecki v.***

***Rosiecki***, 231 A.3d 928, 933 (Pa. Super. 2020) ("we are not limited by a trial

court's rationale, and we may affirm its decision on any basis.").

On May 1, 2019, police conducted a traffic stop of a car in which

Appellant was a passenger.  The driver was a confidential police informant

(CI), who alleged he/she had previously bought drugs from Appellant.  Earlier

_____

[1] 35 P.S. § 780-113(a)(16), (30), (32), respectively.

that day, the CI contacted Clarion County Police Chief William Peck, IV (Chief Peck), and stated that the CI had arranged a drug buy with Appellant. Police then conducted surveillance and initiated the vehicle stop. During the stop, the CI informed police that he/she saw Appellant hide an object in his anus when he saw police approaching the car.[2] Consequently, Chief Peck sought and obtained a warrant to search Appellant's person for controlled substances. The warrant authorized a search of:

> The person of [Appellant], . . . including xray's [sic], CAT scan, and/or physical search of [Appellant's] body including penetration of body cavity's [sic] (including anus) and search of said body cavity by medical professional [sic] to search and seize controlled substances.

Application for Search Warrant, 5/1/19.

Chief Peck transported Appellant to Clarion Hospital for the removal of the object. Medical personnel performed a CAT scan, which indicated a foreign object in Appellant's rectum. Medical personnel repeatedly asked Appellant to voluntarily expel the object by bowel movement, but Appellant denied having a foreign object in his rectum and refused. Accordingly, doctors performed a 20-minute medical procedure which required Appellant to be partially sedated with intravenous medication while a surgeon removed the object. Chief Peck and another police officer were present during the

---

[2] The object was proven to be 15 grams of cocaine packaged in a sealed plastic baggy.

procedure. After the object was determined to be a plastic bag containing cocaine, the Commonwealth charged Appellant with the aforementioned crimes.

On July 18, 2019, Appellant's court-appointed counsel filed a pre-trial motion to suppress the physical evidence against Appellant as being unlawfully-obtained. Appellant claimed "the stop of [the CI's vehicle] at the predetermined location and the basis of the warrant that was issued to acquire the substances in question were based on insufficient probable cause." Omnibus Pretrial Motion, 7/18/19, ¶ 7. The court held a hearing on August 22, 2019, at which the Commonwealth presented Chief Peck as the sole witness. Thereafter, the court denied Appellant's motion.

Appellant's trial commenced on November 26, 2019. The jury found Appellant guilty of all counts, and on February 19, 2020, the trial court sentenced Appellant to an aggregate 4 to 8 years in prison. Appellant obtained new counsel, who timely filed a post-sentence motion asserting police unlawfully searched his body for drugs, or alternatively, trial counsel was ineffective for failing to raise this claim in a pre-trial motion to suppress. Post-Sentence Motion, 2/28/20, at 5-12. The trial court conducted a hearing on the post-sentence motion on May 15, 2020.

On September 4, 2020, the trial court denied Appellant's post-sentence motion, correctly stating, "[g]enerally, ineffective assistance of counsel claims should be raised through a PCRA petition rather than at the post-verdict

stage." Opinion and Order, 9/4/20, at 5. The court further noted Appellant's desire to have his ineffectiveness claim reviewed under the "meritorious and apparent from the record" exception to ***Commonwealth v. Grant***, 813 A.3d 726 (Pa. 2002), outlined by the Pennsylvania Supreme Court in ***Commonwealth v. Holmes***, 79 A.3d 562, 577 (Pa. 2013). However, the court never made a preliminary determination that Appellant's claim fell under the exception. Nonetheless, it analyzed Appellant's claims on the merits. After the court denied Appellant's post-sentence motion, Appellant timely appealed. Both the trial court and Appellant have complied with Pa.R.A.P. 1925.

Appellant presents three questions for review:

1. During the nonconsensual search of [Appellant's] anal cavity that produced the drugs, [Appellant] was involuntarily drugged with powerful drugs that could have killed him, forced to strip naked in a roomful of strangers, and anally probed. The trial court found that the search was reasonable. Did the court err?

2. The search warrant that the police relied upon when conducting this search did not authorize anyone to (1) stick a needle into [Appellant's] vein, (2) insert an IV tube, or (3) forcibly administer life-threatening drugs. But all three invasions occurred here. Did the court err by failing to find that the search exceeded its authorized scope?

3. The trial court found that trial counsel was not ineffective when he failed to move pretrial to suppress the evidence on the bases described above because such a motion would have lacked merit. Did the court err?

Appellant's Brief at 4 (footnote omitted).[3]

In his first two issues, Appellant challenges the trial court's denial of his suppression motion. Appellant's Brief at 22-37. We are constrained to find waiver.

In reviewing the denial of a suppression motion, this Court must decide:

> whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where, as here, the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review . . . Our scope of review is limited to the evidence presented at the suppression hearing.

**Commonwealth v. Thran**, 185 A.3d 1041, 1043 (Pa. Super. 2018) (citations omitted).

The record reflects Appellant did not raise any constitutional challenges to the body search in his pre-trial motion to suppress. **See** Omnibus Pre-Trial Motion, 7/18/19, at unnumbered pages 1-2. Appellant first raised the constitutional challenges in his post-sentence motion filed by new counsel.

---

[3] Appellant does not challenge the trial court's finding that the vehicle stop was lawful and the warrant was supported by probable cause.

*See* Post-Sentence Motion, 2/28/20, at 5-12. Appellant admits he did not raise the claims before or during trial, but argues we should address them and suppress the evidence. *See* Appellant's Brief at 2 (stating trial counsel failed "to move pretrial to suppress evidence on the basis that the anal cavity search . . . violated [Appellant's] rights."); *id.* at 44 (requesting "remand to the trial court with instructions that the contraband . . . be suppressed."). We disagree.

It is well-settled that "the failure to raise a suppression issue prior to trial precludes its litigation for the first time at trial, in post-trial motions or on appeal." *Commonwealth v. Douglass*, 701 A.2d 1376, 1378 (Pa. Super. 1997). Moreover, we have held, "appellate review of [a ruling on] suppression is limited to examination of the precise basis under which suppression initially was sought; no new theories of relief may be considered on appeal." *Commonwealth v. Little*, 903 A.2d 1269, 1272–73 (Pa. Super. 2006); *see also Commonwealth v. Thur*, 906 A.2d 552, 566 (Pa. Super. 2006) ("When a defendant raises a suppression claim to the trial court and supports that claim with a particular argument or arguments, the defendant cannot then raise for the first time on appeal different arguments supporting suppression."). Because Appellant challenged his body search for the first time in his post-trial motion, the trial court erred in addressing the merits. Likewise, we may not consider them on appeal. *Little, supra*.

Given our disposition of Appellant's first two issues, it follows that Appellant raises ineffectiveness of trial counsel in this third issue. Appellant argues counsel was ineffective for failing to raise the constitutionality of the body search in Appellant's omnibus pre-trial motion. Appellant's Brief at 37-42. This issue is also unavailing.

Appellant asserts his ineffectiveness of counsel claim "is ripe for decision now," under the exception to **Grant** outlined in **Holmes**, 79 A.3d at 576. Appellant's Brief at 40-42. The Pennsylvania Supreme Court in **Holmes** circumscribed when a criminal defendant may raise claims of ineffective assistance of counsel on direct appeal. Thereafter, this Court explained:

> Generally, claims of ineffectiveness of counsel are not ripe until collateral review. However, in **extraordinary cases** where the trial court determines that the claim of ineffectiveness is **both meritorious and apparent from the record**, it may exercise its discretion to consider the claim in a post-sentence motion.
>
> In **Holmes**, the Supreme Court of Pennsylvania explicitly identified ineffectiveness claims as presumptively reserved for collateral attack[.] The Court warned against trial courts appointing new counsel post-verdict to search for ineffectiveness claims. Thus, while the trial court retains discretion in addressing such claims, the presumption weighs heavily in favor of deferring such claims to collateral review.

**Commonwealth v. Knox**, 165 A.3d 925, 928 (Pa. Super. 2017) (citations and quotation marks omitted, emphases added).

Here, the trial court denied Appellant's post-sentence motion on the merits without making the requisite finding that Appellant's claim was

"meritorious and apparent from the record" as set forth in **Holmes**.  Opinion and Order, 9/4/20, at 5-11.  This was error.

In **Holmes**, the Supreme Court did not define "meritorious and apparent from the record," but made clear the exception was limited to the rarest of circumstances, and expressed concern that otherwise, the exception would swallow the general rule of deferring ineffectiveness claims to collateral review.  **Holmes**, 79 A.3d at 576.  The Supreme Court reiterated that absent exceptional circumstances, "trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal." **Id.**

While there is a dearth of published opinions from this Court discussing the meaning of "meritorious and apparent from the record," our review of unpublished memoranda discloses that we have uniformly found that if a trial court needs to schedule a hearing to determine the merits of the claim, there is no **Holmes** exception because the claim is not readily apparent.  In **Commonwealth v. Peluso**, 2017 WL 1113291, at *2 (Pa. Super. Mar. 23, 2017) (unpublished memorandum), we stated:

> Appellant failed to establish either of the **Holmes**' exceptions. First, we observe that the trial court did not find that Appellant's claim was meritorious. **Since it scheduled a hearing on the matter, it failed to find the merits of the claim were apparent based upon the existing record.** Thus, neither of the two elements of the first **Holmes** exception was met. Likewise, the record does not indicate that Appellant waived his rights to collateral review. Therefore, Appellant did not fulfill the procedural dictates enumerated in **Holmes** to properly raise a claim of counsel's ineffectiveness before the trial court.

*Id.* (emphasis added). **See also Commonwealth v. Carpenter**, 2014 WL 10965148, at \*\*2-3 (Pa. Super. Mar. 11, 2014) (unpublished memorandum) (claim not "readily apparent from the record" and thus did not meet **Holmes** exception where it required post-trial hearings and lengthy trial court decision discussing the merits).

We have addressed weight of the evidence claims somewhat analogously, stating:

> A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when the figure of Justice totters on her pedestal, or when the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience.

**Commonwealth v. Boyd**, 73 A.3d 1269, 1274-75 (Pa. Super. 2013) (*en banc*) (citation and quotation marks omitted). It appears that to invoke the first **Holmes** exception, an extraordinary circumstance is one where counsel's ineffectiveness is so blatant and "so shocking to the judicial conscience" that there is no need for a hearing and the court is compelled to grant relief.[4] **Id.**; **see Holmes**, 79 A.3d at 577.

---

[4] Another counterpart is a trial court's grant of JNOV in civil cases, where the court must find either that "(1) . . . the movant is entitled to judgment as a matter of law; and/or, (2) the evidence was such that no two reasonable minds could disagree that the verdict should have been rendered for the movant." **Egan v. USI Mid-Atlantic, Inc.**, 92 A.3d 1, 19-20 (Pa. Super. 2014).

This case thus appears to be the type of case which concerned our Supreme Court in **Holmes** and **Knox**, where new counsel represents an appellant post-trial, and finding an unpreserved appealable issue, attempts to circumvent the PCRA by filing a premature claim of ineffective assistance of counsel. **See Holmes**, 79 A.3d at 576; **Knox**, 165 A.3d at 928.

Notably, Appellant did not call trial counsel to testify at the hearing on his post-sentence motion. Instead, Appellant filed a "witness certification" in which trial counsel stated he did not raise the constitutionality of the body search in his omnibus pre-trial motion because he believed "such a suppression motion would not have been meritorious." N.T., 5/15/20, Defense Exhibit H. This fact supports our conclusion that Appellant's claim of counsel's ineffectiveness was not "readily apparent from the record," and involves common disagreements regarding legal strategy which are properly deferred to collateral proceedings.

Appellant also argues we should address the merits of his ineffectiveness claim on direct appeal because "[r]esolving the issue now will advance the twin aims of advancing the administration of criminal justice and promoting judicial economy." Appellant's Brief at 42. Again, we disagree. Critically, Appellant did not waive his right to seek collateral review. N.T., 5/15/20, at 58. In fact, counsel specifically stated that discussing waiver would be "premature." **Id.** Accordingly, Appellant is not foreclosed from seeking collateral relief, which confirms our conclusion that the post-sentence

scenario in this case is one which the Supreme Court sought to avoid, where reviewing claims of ineffective assistance of counsel on "unitary review . . . award[s] those defendants an additional, anticipatory round of collateral attack[s]." *Holmes*, 79 A.3d at 572. The Court cautioned that "permitting unitary review on direct appeal, however, offers the prospect that, if relief is denied, the defendant could file a PCRA petition within a year after the appeal, and not be subject to the sort of serial petition bar that would face defendants not afforded unitary review." *Id.* at 579.

Appellant failed to establish either of the *Holmes* exceptions to properly raise a claim of counsel's ineffectiveness before the trial court, and we may not exercise jurisdiction over a claim of ineffective assistance of counsel on direct appeal contrary to the holdings of *Grant* and *Holmes*. Conducting appellate review, even for the sake of judicial economy, would create an additional exception to *Grant*. *See Commonwealth v. Liston*, 977 A.2d 1089, 1094 (Pa. 2009) (stating "we have explicitly reiterated the general rule in *Grant* and further directed that any exception to that general rule be accomplished only by this Court."). For these reasons, Appellant's ineffective assistance of counsel claim is premature and we may not address it.

Judgment of sentence affirmed.

J-A14010-21

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/9/2021