J-S26024-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
         :          PENNSYLVANIA
         :
         :
        v.         :
         :
         :
         :
CECIL TYRELL EVANS         :
         :
     Appellant        :     No. 1547 MDA 2020

Appeal from the Judgment of Sentence Entered November 18, 2020
In the Court of Common Pleas of Dauphin County
Criminal Division at CP-22-CR-0000259-2019

BEFORE:  STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:        **FILED: SEPTEMBER 24, 2021**

Cecil Tyrell Evans (Appellant) appeals from the judgment of sentence imposed after a jury convicted him of illegally possessing a firearm and carrying a firearm without a license.[1]  Appellant specifically contends the trial court erred in denying his suppression motion.  Upon review, we affirm.

The trial court described the events leading to Appellant's arrest as follows:

> At the suppression hearing, the Commonwealth presented the testimony of Officer [Anthony] Glass, who testified that on December 14, 2018 at 10:52 p.m., he noticed a vehicle driving without exterior lighting (*i.e.* no headlights or taillights).  It was dark and there was moderate rainfall.  Officer Glass pulled the vehicle over and ran the vehicle's registration.  It was a rental vehicle.  After making contact with the vehicle, it was discovered that the driver [not Appellant] had an active warrant.  Officer

---

[1] 18 Pa.C.S.A. §§ 6105(a)(1) and 6106(a)(1).

Glass noticed that Appellant [who was the front seat passenger] appeared nervous, had a wide-eyed look, muttered, and continuously made motions with his hands including rubbing his legs. In taking the driver into custody, Officer Glass noticed a strong odor of burnt marijuana [emanating from the vehicle]. He had all [four] occupants [including two passengers in the rear] exit the vehicle. All [four] occupants were patted down and on one of the passengers [not Appellant] a digital scale and a torn bag that smelled of marijuana was discovered. Officer Glass testified that he continued to observe that Appellant was shuffling his feet and had a hard time standing still. Officer Glass also testified that Appellant told the Officer that he did not have his identification on him, but his wallet [which contained identification] was clearly visible in his back pocket. Officer Glass searched the vehicle and discovered a [loaded] gun in the glovebox compartment and a pistol case with ammunition in the trunk. Appellant indicated that the rental vehicle was his girlfriend's [Samantha Hawkins, who was not present,] and that the gun also belonged to her. Other than Hawkins, none of the occupants, including Appellant, could legally possess a firearm and none of the occupants showed a medical marijuana card. The gun and the vehicle were returned to Hawkins later that evening and no arrests were made. Appellant left the scene that night.[7]

> [7] Following the incident, Officer Glass reviewed the MVR footage. He discovered that Appellant was attempting to remove a holster from his person. Upon further investigation, it was determined that the Appellant, along with Hawkins, went to a store and purchased a firearm.

Trial Court Opinion, 4/20/21, at 3-4 (citation to suppression transcript and four footnotes omitted).

Appellant was charged with the aforementioned firearms crimes. On August 9, 2019, he moved to suppress the physical evidence seized from the rental car, arguing that the search was unconstitutional because "medical marijuana was (and continues to be) legal in the Commonwealth of Pennsylvania [and] the mere odor of marijuana, and by extension the 'plain

- 2 -

smell' doctrine as it applies to marijuana, is no longer a sufficient basis to form probable cause[.]" Motion to Suppress Evidence, 8/9/19, at 3. After conducting a hearing, the court denied the suppression motion. The case proceeded to trial and the jury found Appellant guilty of illegally possessing a firearm and possessing a firearm without a license. On November 18, 2020, the trial court sentenced Appellant to an aggregate 84 - 168 months of incarceration. Appellant filed this timely appeal.[2]

Appellant states his two issues as follows:

I. [Appellant] travelled with his fiancée in a car she rented from Clearfield County to Harrisburg. During that trip, his fiancée gave him permission to store his clothing in the trunk. On the night in question, [Appellant's] fiancée gave him permission to ride in the car. When the Commonwealth's evidence did not contradict this, did the lower court err when it found that [Appellant] failed to prove a reasonable expectation of privacy in the car?

II. The police officer testified that an odor of marijuana came from the car while three people remained inside, including [Appellant], who exhibited nervous behavior. After all three were removed, one of them was found with drug paraphernalia that had a strong odor of marijuana. Did the lower court err when it found there was probable cause to search the unoccupied car absent evidence that additional contraband would be found inside?

Appellant's Brief at 3.

Appellant argues the trial court erred in finding, "(1) [Appellant] did not demonstrate a reasonable expectation of privacy in the rental car; and (2)

---

[2] Appellant and the trial court have complied with Pa.R.A.P. 1925.

there was sufficient probable cause to justify a search of the car and glovebox."[3]  Appellant's Brief at 6.  We disagree.

We begin by recognizing:

[Our] standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct.  Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole.  Where the suppression court's factual findings are supported by the record, [the appellate court is] bound by [those] findings and may reverse only if the court's legal conclusions are erroneous.  Where . . . the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression

_____

[3] The suppression hearing occurred in August of 2019, more than a year before the Pennsylvania Supreme Court's issued its decision in *Commonwealth v. Alexander*, 243 A.3d 177 (Pa. 2020), holding warrantless search of a vehicle requires both probable cause and exigent circumstances.  Appellant has waived the application of *Alexander* by not challenging the constitutionality of the automobile exception articulated in *Commonwealth v. Gary*, 91 A.3d 102 (Pa. 2014) in his motion to suppress.  *See Commonwealth v. Grooms*, 247 A.3d 31, 37 n. 8 (Pa. Super. 2021) (holding *Alexander* did not apply retroactively where appellant did not raise and preserve the issue at all stages of adjudication by challenging the constitutionality of *Gary*).

In its 1925(a) opinion, the trial court referenced this Court's decision in *Commonwealth v. Barr*, 240 A.3d 1263 (Pa. Super. 2020), which was decided after Appellant's suppression hearing but before *Alexander*.  On April 28, 2021, the Pennsylvania Supreme Court granted the defendant's petition for allowance of appeal in *Barr*.  *Commonwealth v. Barr*, 252 A.3d 1086 (Pa. Apr. 28, 2021).

court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to [ ] plenary review.

*Commonwealth v. Smith*, 164 A.3d 1255, 1257 (Pa. Super. 2017) (citation omitted). Further, our review is limited to the suppression hearing record. *In re L.J.*, 79 A.3d 1073, 1085 (Pa. 2013). "[I]t is the sole province of the suppression court to weigh the credibility of witnesses," and "the suppression court judge is entitled to believe all, part or none of the evidence presented." *Commonwealth v. Blasioli*, 685 A.2d 151, 157 (Pa. Super. 1996) (citation omitted).

Appellant first claims he had an expectation of privacy in the rental car. Appellant's Brief at 8-12. We disagree.[4]

It is well-settled that when a defendant files a suppression motion, he has "the preliminary burden of establishing standing and a legitimate expectation of privacy." *Commonwealth v. Burton*, 973 A.2d 428, 435 (Pa. Super. 2009) (*en banc*).

> [G]enerally under Pennsylvania law, a defendant charged with a possessory offense has automatic standing to challenge a search. However, in order to prevail, the defendant, as a preliminary matter, must show that he had a privacy interest in the area searched.
>
> > An expectation of privacy is present when the individual, by his conduct, exhibits an actual (subjective) expectation

---

[4] Appellant did not raise this issue in his Rule 1925(b) statement. However, we decline to find waiver because, as Appellant notes in his brief, the trial court did not address this issue in the original order denying suppression, and discussed it for the first time in its Rule 1925(a) opinion. *See* Order, 9/25/19, at 1-4; Trial Court Opinion, 4/20/21, at 7-8; Appellant's Brief, at 8 n.1.

> of privacy and that the subjective expectation is one that society is prepared to recognize as reasonable. The constitutional legitimacy of an expectation of privacy is not dependent on the subjective intent of the individual asserting the right but on whether the expectation is reasonable in light of all the surrounding circumstances.

*Id.* (citation omitted).

Instantly, the evidence presented at the suppression hearing demonstrated the Nissan Altima vehicle was rented by Appellant's girlfriend, Ms. Hawkins, and Appellant's name was not on the rental agreement. N.T., 8/26/19, at 7, 9-10. The evidence also showed Appellant acted in a manner inconsistent with someone who believed he had lawful control and a reasonable expectation of privacy in the vehicle. Officer Glass testified:

> [Appellant] had nervous behavior that kind of differentiated him from the other three people in the car. He was nervous. He kept making motions with his hands in his lap, moving back and forth in his seat. He had a wide-eyed look in his face, and he muttered when he talked. He didn't really — I had a hard time understanding him. He had a very nervous tone to his voice when he was explaining who rented the vehicle.
>
> * * *
>
> In comparison to the other occupants of the vehicle, he had the inability to sit still, kept moving, just nervous, nervous, erratic — I don't know really how to explain it. Nervous. Kept moving his hands on his lap up to different positions on his thigh.
>
> * * *
>
> He kept positioning his back differently in the seat, rocking forward in the seat, taking his — the contact of his back off of the seat and then back into the seat, and he muttered when he talked. I had difficulty understanding him when he was talking because he wasn't talking audibly enough.

* * *

Again, as I had the three occupants standing outside the car, [Appellant's] behavior was noticeably different from the other two occupants I had standing outside. Both [the rear seat passengers] were relatively calm and stood at the sidewalk without constantly changing the position of their feet, where [Appellant] constantly kept shuffling his feet, moving around on the sidewalk. He had a hard time standing still. He kept looking in different direction, looking at the car, looking past us, looking around. Had a very, once again, had a very wide-eyed look on his face.

Additionally, when we tried to get identification for all three occupants, [Appellant] initially said — [Appellant] initially said he did not have his ID on him, and his wallet was visibly seen in his back pocket. And he had to be — he had to be told, well, we can obviously see your wallet in your back pocket so most likely your ID is in your wallet. When he pulled out his wallet, he did have his ID in his wallet.

*Id.* at 11-12, 13-14.

Consistent with the foregoing, the trial court determined Appellant did not have a reasonable expectation of privacy in the rental car. The court cited ***Commonwealth v. Byrd***, --- U.S. ---, 138 S.Ct. 1518 (2018), in which the United States Supreme Court held, "as a general rule, someone in otherwise **lawful possession and control** of a rental car has a reasonable expectation of privacy in it even if the rental agreement does not list him or her as an authorized driver." ***Byrd***, 138 S.Ct. at 1524 (emphasis added). The Supreme Court reasoned that a common-law property interest is not always needed for an individual to have a reasonable expectation of privacy. *Id.* Consequently, the lack of authorization to drive a rental car does not obviate an individual's

expectation of privacy in the vehicle, **so long as the individual is in lawful possession and control over the vehicle**. *Id.*

Mindful of *Byrd*, the suppression court reasoned:

Simply put, there is nothing to suggest that Appellant had a privacy interest in the vehicle. The vehicle was rented to Hawkins and the Appellant's name was not on the lease. His behavior is also inconsistent with that of a person who believed he had a reasonable expectation of privacy in the vehicle, since he was constantly moving around on the sidewalk and shuffling his feet and refused to initially show identification.

The United States Supreme Court held in *Commonwealth v. Byrd*, 138 S.Ct. 1518 (2018) that the lack of authorization to drive a rental car does not obviate an individual's expectation of privacy in the vehicle, as long as the individual is in lawful possession and control over the vehicle. *Byrd* at 1524. Here, however, the Appellant's name was not on the rental agreement and his actions were inconsistent with someone who was in lawful possession and control of the vehicle. Additionally, the Appellant was not the driver of the vehicle. Accordingly, Appellant failed to establish that he had a reasonable expectation of privacy in the vehicle.

Trial Court Opinion, 4/20/21, at 7-8.

Upon review, we discern no error because the record supports the court's factual findings, and case law supports the court's legal conclusions. Appellant cites his self-serving testimony at the suppression hearing to demonstrate that he exercised lawful possession and control over the rental vehicle. Appellant's Brief at 11-12. However, Appellant's testimony that he

had Ms. Hawkins' "permission to ride in the rental car"[5] was hearsay. N.T., 8/26/19, at 37-28. Appellant did not call Ms. Hawkins to corroborate his testimony, and the court acted within its discretion in assigning little if any weight to it. **Blasioli**, 685 A.2d at 157.

Conversely, the Commonwealth produced evidence that Appellant's name was not on the rental agreement, and as a passenger, his actions were inconsistent with someone who had lawful possession or control over the vehicle.[6] Appellant thus failed to establish a reasonable expectation of privacy in the vehicle. **See Commonwealth v. Maldonado**, 14 A.3d 907, 911-12 (Pa. Super. 2011) (defendant failed to satisfy his burden of establishing a reasonable expectation of privacy in vehicle, where the vehicle was owned by his girlfriend and he did not put forth any evidence that his girlfriend gave him permission to drive her vehicle).

Accordingly, the trial court did not err in finding Appellant lacked a reasonable expectation of privacy and denying his suppression motion. Further, because Appellant lacked a reasonable expectation of privacy, we

---

[5] Appellant does not cite any legal authority to support his claim that a passenger in a rental vehicle can be in lawful possession and control of the vehicle.

[6] In addition to fidgeting and appearing nervous, Appellant lied to police and attempted to avoid their attempts to identify him.

need not address his claim regarding probable cause for the vehicle search.[7]

However, if we were to address this issue, we would affirm on the basis of the

trial court's analysis. **See** Trial Court Opinion, 4/20/21, at 3-7 (finding

credible and detailing Officer Glass's testimony as the basis for finding that

probable cause existed to search the vehicle).

Judgment of sentence affirmed.

Judge Musmanno joins the memorandum.

Judge Stabile concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/2021

---

[7] Appellant argues that even if the police had probable cause to search the interior of the car, they did not have probable cause to search the glovebox. Appellant's Brief at 15-17. This claim is waived because Appellant did not raise it in either his suppression motion or Rule 1925(b) statement. **See Commonwealth v. Little**, 903 A.2d 1269, 1272–73 (Pa. Super. 2006) ("appellate review of [a ruling on] suppression is limited to examination of the precise basis under which suppression initially was sought; no new theories of relief may be considered on appeal."); **Commonwealth v. Douglass**, 701 A.2d 1376, 1378 (Pa. Super. 1997) ("the failure to raise a suppression issue prior to trial precludes its litigation for the first time at trial, in post-trial motions or on appeal."); Pa.R.A.P. 1925(b)(4)(vii).